**Ex Parte George Alexander
ERVIN, Applicant.**

No. AP–74985.

Court of Criminal Appeals of Texas.

April 6, 2005.

George Alexander Ervin, pro se.

Jack Roady, Assistant District Attorney, Houston, Matthew Paul, State's Attorney, Austin, for State.

## OPINION

PRICE, J., delivered the opinion of the Court, in which WOMACK, JOHNSON, KEASLER, HERVEY, HOLCOMB, and COCHRAN, JJ., joined.

We filed and set this application for a writ of habeas corpus to determine whether the applicant was improperly denied release to mandatory supervision. We deny relief because we conclude that the applicant's prior conviction for sexual abuse precludes mandatory supervision release because it is a predecessor to an offense enumerated in Government Code Section 508.149(a).

### I.  Facts

The applicant pleaded guilty to delivery of a controlled substance and pleaded true to an enhancement paragraph alleging a prior conviction for sexual abuse of a child.[1]  The trial court sentenced him to five years' imprisonment.  His conviction was affirmed on direct appeal.[2]

In June 2002, the Board of Pardons and Paroles voted to release the applicant on mandatory supervision because computer records showed that he was eligible for release.  His file was audited in July 2002, and officials at the Texas Department of Criminal Justice discovered that the applicant was ineligible for mandatory supervision release because of his prior conviction for sexual abuse of a child.  As a result in February 2003, the Board voted to withdraw its prior vote.  The Board concluded that this prior conviction made the applicant ineligible for mandatory supervision release.

The applicant claims that the Board of Pardons and Paroles is improperly denying him release to mandatory supervision. He argues that his prior offense, sexual abuse of a child, is not one that is listed among the offenses that prohibit release to mandatory supervision.  The applicant committed his prior offense in December 1979.  At that time, the offense was called sexual abuse of a child and was found in former Penal Code Section 21.09.

Texas Government Code Section 508.149(a) does not list sexual abuse of a child as an offense that precludes mandatory supervision release.  It does preclude such release if, among other reasons, an inmate has been previously convicted of a second degree felony under Penal Code Section 22.011 (sexual assault).[3]

---

1.  Former Tex. Pen.Code § 21.10.  Acts 1973, 63d Leg., R.S., ch. 399, § 1, 1973 Tex. Gen. Laws 883, *repealed by* Act of May 29, 1983, 68th Leg., R.S., ch. 977, § 12, 1983 Tex. Gen. Laws 5321 (prohibiting deviate sexual conduct with a child).

2.  *Ervin v. State,* 125 S.W.3d 542 (Tex.App.-Houston [1st Dist.] 2002).

3.  Tex. Gov't Code § 508.149(a)(6).

The legislature repealed Penal Code Section 21.09 in 1983. The repeal was part of a larger act to move assaultive sexual offenses from the Sexual Offenses Chapter of the Penal Code to the Assaultive Offenses Chapter.[4] In the same act that repealed Section 21.09, the legislature enacted new Penal Code Sections 22.011 (sexual assault) and 22.021 (aggravated sexual assault) and defined those offenses to include the conduct formerly prohibited by Section 21.09 and the other provisions that were repealed.[5]

We must determine whether Government Code Section 508.149(a) can be read to include former Penal Code Section 21.09.

## II. Analysis

When we interpret a statute, we try to give effect to the collective intent or purpose of the legislature.[6] We interpret a statute according to the literal meaning of the words in the statute, unless doing so would lead to an absurd result that the legislature could not have intended.[7] If the literal meaning of the words in the statute produce absurd results, we resort to extratextual factors to arrive at a sensible interpretation of the statute and bring about the legislature's intent.[8]

The literal meaning of the words in Government Code Section 508.149(a) do not include former statutes such as sexual abuse of a child, rape of a child, rape, or aggravated rape. Also, there is no explicit catch-all provision that would include all prior versions of the offenses listed in Section 508.149.

If we were to apply the literal meaning of the words in Section 508.149, conduct committed on the day before the effective date of the repealed sexual offense statutes would make an inmate eligible for mandatory supervision release. But, the same conduct committed just a day later would render the inmate ineligible for mandatory supervision release. It sometimes happens that defendants are sentenced to more or less severe punishment for the same conduct based on the date on which the offense is committed. But in this context, we cannot believe that the legislature intended to produce these results. The legislature has demonstrated, over time, an increasing interest in making inmates who have committed serious crimes in the past ineligible for mandatory supervision release.

When mandatory supervision release was first enacted in 1977, any inmate, aside from one who was serving a life sentence or had been sentenced to death, was eligible for mandatory supervision release.[9] In 1987, the legislature amended the mandatory supervision release provision, former Code of Criminal Procedure Article 42.18, Section 8(c), to make certain inmates ineligible for release. These inmates were those who were *then* serving sentences for serious crimes, including sexual assault and aggravated sexual assault.[10]

---

**4.** See Griffith v. State, 116 S.W.3d 782, 787–88 (Tex.Crim.App.2003).

**5.** Act of May 29, 1983, 68th Leg., R.S., ch. 977, § 3, 1983 Tex. Gen. Laws 5312, 5315; Griffith v. State, 116 S.W.3d 782, 787 (Tex.Crim.App.2003).

**6.** Boykin v. State, 818 S.W.2d 782, 785 (Tex.Crim.App.1991).

**7.** Id., at 785.

**8.** Id., at 785–86.

**9.** Act of May 30, 1977, 65th Leg., R.S., ch. 347, § 1, 1977 Tex. Gen. Laws 925, 927–28. See Ex parte Retzlaff, 135 S.W.3d 45, 48 (Tex.Crim.App.2004).

**10.** Act of May 23, 1987, 70th Leg., R.S., ch. 1101, § 7, 1987 Tex. Gen. Laws 3754.

In 1995, the legislature went further and made ineligible those inmates who had *ever* been convicted of one of the enumerated offenses.[11] Specifically, the bill analysis for House Bill 1433 of the 74th Regular Legislative Session, which amended Article 42.18, Section 8(c), supports the conclusion that the legislature intended to include all prior serious offenses. The changes were intended to

> Amend[ ] Section 8(c), Article 42.18, Code of Criminal Procedure, to prevent those previously convicted of crimes ineligible for mandatory supervision from eligibility for any future conviction, regardless of the current offense.[12]

This demonstrates an intent to make all inmates who have prior convictions for serious offenses ineligible for mandatory supervision release.

▬ The legislature could not have reasonably intended to make inmates convicted under the predecessors of sexual assault eligible for mandatory supervision release but not those who were convicted under the current statutory scheme. We hold that Section 508.149(a) includes the predecessors to the enumerated offenses that currently make an inmate ineligible for mandatory supervision release. Inmates who have been convicted of a predecessor to one of the enumerated offenses are ineligible for mandatory supervision release.

▬ Therefore, the applicant is not eligible for mandatory supervision release because he has been previously convicted of a second degree predecessor of Penal Code Section 22.011 (sexual assault) and because Government Code Section 508.149(a) precludes from release inmates who have been convicted of such an offense or its predecessors. Relief is denied.

MEYERS, J., did not participate.

KELLER, P.J., filed a dissenting opinion.

KELLER, P.J., dissenting.

The text of Texas Government Code § 508.149(a) does not include statutory precursors in the list of offenses labeled ineligible for mandatory supervision. Under *Boykin v. State*, appellate courts are obligated to interpret a statute in accordance with the plain meaning of its language, unless the language is ambiguous or the plain meaning leads to absurd results that the Legislature could not possibly have intended.[1]

There is nothing ambiguous about the list that § 508.149(a) provides: a number of offenses referenced by degree, code, and section number. If the Legislature had wanted to include statutory precursor offenses, it could have easily done so; it has done so in the past.[2]

And failing to include statutory precursors does not lead to absurd results that the Legislature could not possibly have intended. The Court suggests that the Legislature *probably* did not mean to exclude them, but that is not the same as saying the Legislature could not possibly have intended such a result. It is often true that statutory changes are not applied to offenses committed before the change, and even when a statute does encompass

---

11. Act of May 29, 1995, 74th Leg. R.S., ch. 263, § 1, 1995 TEX. GEN. LAWS 2592 (now codified in TEX. GOV'T CODE § 508.149(a))

12. House Comm. on Corrections, Bill Analysis, Tex. H.B. 1433, § 1, 75th Leg., R.S. (1995).

1. 818 S.W.2d 782, 785 (Tex.Crim.App.1991).

2. *See* TEX. PEN.CODE, § 49.09(c)(1)(C)–(E).

some offenses committed before its effective date, it is not irrational or absurd to suppose that the Legislature may have wanted to exclude earlier codifications of the offense from the newer scheme. In regard to enhancement allegations we have just recently said, "There is nothing absurd about a statutory interpretation which results in certain prior convictions being available for enhancement and others not being available."[3] And so it is with precursor offenses.

In *Griffith v. State*, we did construe an enhancement statute to encompass certain statutory precursor offenses that were not listed in the text.[4] But that statute did contain a "catch-all" provision that broadly covered "similar" prior offenses committed in other states, necessarily encompassing both the current and prior versions of offenses committed in other states.[5] Consequently, failing to interpret the enhancement provision to encompass Texas statutory precursors would have produced the absurd result of including statutory precursors from *every state but our own.*[6] The mandatory supervision statute at issue in this case, however, includes no catch-all provision regarding out-of-state offenses.[7]

I am unwilling to read into the statute something that is plainly not there. I respectfully dissent.

---

**3.** *Getts v. State,* 155 S.W.3d 153 (Tex.Crim. App.2005).

**4.** *Griffith v. State,* 116 S.W.3d 782, 788 (Tex. Crim.App.2003) (the defendant's "argument would have more weight were it not for" other language in the statute).

