IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,248






EX PARTE PATRICK GENE THOMPSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NUMBER 43,888 IN THE 23
RD JUDICIAL DISTRICT COURT


BRAZORIA COUNTY






 Cochran, J., delivered the opinion of the Court in which Price, Womack,
Johnson, Keasler, Hervey, and Holcomb, JJ., joined. Keller, P.J., filed a concurring
opinion. Meyers, J., did not participate.



O P I N I O N


 

 We file and set this habeas corpus case to decide whether applicant's previous first-degree-felony burglary conviction makes him ineligible for release on mandatory supervision
for his 2002 second-degree-felony burglary conviction. We find that it does not, and,
therefore, we grant relief.


 

I.

 Applicant is currently serving a four-year sentence for a second-degree-felony
burglary committed on October 10, 2002. Applicant alleges that the Texas Department of
Criminal Justice, Correctional Institutions Division (TDCJ-CID) is wrongly denying him
consideration for release on mandatory supervision under Section 508.149 of the
Government Code on this present or holding offense due to his prior conviction for first-degree-felony burglary. TDCJ-CID states that applicant is "not eligible for mandatory
supervision due to prior conviction of 1st Degree Burglary of a Habitation under Cause
#18,704 as set out in [Tex. Gov't Code § 508.149(a)]." The trial court agreed with TDCJ-CID's position.II.

 The statute in effect when the holding offense is committed determines an inmate's
eligibility for release on mandatory supervision or parole. (1) When applicant committed his
holding offense on October 10, 2002, Section 508.149(a) was in effect and applicable to
him. (2) An inmate "may not be released to mandatory supervision if the inmate is serving a
sentence for or has been previously convicted of" an offense enumerated in Section
508.149(a). (3) Applicant's holding conviction for burglary is not included in the list of
offenses enumerated in Section 508.149(a). However, first-degree burglary, applicant's prior
conviction, is on that list.

 The question presented here, left unanswered by this Court in Ex parte Mabry, (4) is
whether applicant's prior 1987 conviction for burglary in the first-degree is an offense
enumerated in Section 508.149(a). The first-degree-felony offense of burglary is included
in the list of enumerated offenses provided in Section 508.149(a)(13). (5) At first glance, as
TDCJ-CID and the trial court have found, applicant is deemed ineligible for release on
mandatory supervision because he has been previously convicted of an enumerated offense. But, in this case, a first glance is deceiving. Applicant's previous conviction was for
a November 7, 1987, burglary of a habitation with intent to commit theft. At that time, all
burglaries of a habitation were first degree felonies, (6) but only those punished under Penal
Code Subsections 30.02 (d)(2) ("any party to the offense is armed with explosives or a deadly
weapon"), or (d)(3) ("any party to the offense injures or attempts to injure anyone in effecting
entry or while in the building or in immediate flight from the building"), were ineligible for
mandatory supervision. (7) Appellant was not punished under 30.02(d)(2) or (3); as such,
applicant was eligible for release on mandatory supervision at the time he committed the
instant offense.

 Furthermore, at the time applicant committed his holding offense in 2002, only those
burglaries of a habitation which involved the intent to commit (or actual commission of)
some felony other than theft were classified as first degree felonies. (8) It is the 2002 list, not
the 1987 list, that determines applicant's eligibility for mandatory supervision. As we held
in Ex parte Hall, "the prior conviction must be on the current list." (9)

 As stated above, the mandatory supervision statute that applies to applicant's holding
offense provides: "An inmate may not be released to mandatory supervision if the inmate
is serving a sentence for or has been previously convicted of . . . a first degree felony under
Section 30.02, Penal Code." But the offense of burglary of a habitation with intent to commit
theft is not included in the 2002 Section 508.149(a) list of offenses which render an inmate
ineligible for release on mandatory supervision. 

 Thus, the following question arises: Does "a first degree felony under Section 30.02,
Penal Code" on the list of prior convictions ineligible for release on mandatory supervision
mean "first degree felony" at the time the prior conviction was committed in 1987 (applicant
would be ineligible for release) or at the time he committed the present offense in 2002
(applicant would be eligible for release)? In Ex parte Mabry, (10) we suggested it would be the
latter. In that case, we concluded that because Mabry was convicted of his holding offense
(a first-degree-felony burglary of a habitation with intent to commit theft) in 1990, the 
current version of Section 508.149 did not apply to him. (11) And, because of the specific
wording of the statute at the time of his offense, he was not barred from release on mandatory
supervision by that law. (12) But we also noted that "[e]ven if we apply the current version of
the law, [Mabry] remains eligible for mandatory supervision because his burglary conviction
was based on intent to commit theft, which is exempted." (13) We now make this alternative
holding express.

 Literally applying the words of Section 508.149(a)-"[a]n inmate may not be released
to mandatory supervision if the inmate is serving a sentence for or has been previously
convicted of . . . a first degree felony under Section 30.02"-applicant would be ineligible for
release on mandatory supervision based on criminal conduct which itself has never been
classified as "mandatory supervision ineligible." (14) We agree with applicant that "[t]his result
is absurd and is contrary to the legislative intent of closing the door of mandatory supervision
on those offenders who had previously been convicted of a 'violent offense which is
ineligible for mandatory supervision' since this class of offenders had always previously been
eligible for mandatory supervision."

 As we explained in Ex parte Ervin, (15) the legislature has, over time, demonstrated an
interest in making inmates who have committed serious crimes in the past ineligible for
mandatory supervision release. (16) These "[l]egislative changes were intended . . . to prevent
those previously convicted of crimes ineligible for mandatory supervision from eligibility for
any future conviction, regardless of the current offense." (17) 

 In Ervin, we held that the legislature could not have reasonably intended to make
inmates convicted under the predecessor statute to the present sexual assault law eligible for
mandatory supervision release, while making ineligible those convicted of the same conduct
under the current statutory title. (18) That is, a rape by any other statutory name is still a rape. 
Eligibility for release on mandatory supervision should be determined by the "essential
characteristics" of the crime, (19) not its statutory title. We therefore held that the Section
508.149(a) list includes the predecessors to the enumerated statutory offenses that currently
make an inmate ineligible for mandatory supervision release. (20) We looked beyond the title
of the prior conviction to the criminal conduct itself and held that, although the explicitly
titled offense of "sexual abuse of a child" was not on the current Section 508.149(a) list, the
criminal conduct of sexually abusing a child was. (21) Thus Ervin was ineligible for release on
mandatory supervision because the criminal conduct of "sexual abuse of a child" is on the
list of offenses which render an inmate ineligible for release on mandatory supervision. (22) 
This holding implemented the legislative intent to prohibit those who have been previously
convicted of offenses consisting of criminal conduct which makes them ineligible for release
on mandatory supervision from eligibility for any subsequent felony crime. We must do the
same thing in this case, but in reverse.

 As in Ervin, we look to whether the essential characteristics (the criminal conduct, 
mental state, and accompanying circumstances) of the previous conviction, not the mere title,
are on the current list. (23) Whether that criminal conduct is on the list determines whether the
offense is one that renders an inmate ineligible for release on mandatory supervision under
Section 508.149(a). Although the titled offense of "first degree felony burglary" is on the
Section 508.149(a) list, the criminal conduct of burglary of a habitation with the intent to
commit theft is not. Therefore, under Ervin, applicant is eligible for mandatory release on
his holding offense.

 Applicant is entitled to relief. (24) TDCJ-CID shall treat applicant as an inmate eligible
for release on mandatory supervision. Copies of this opinion shall be sent to TDCJ-CID and
the Board of Pardons and Paroles.

 

Cochran, J.

Delivered: September 28, 2005

Publish 
1. Ex parte Hall, 995 S.W.2d 151, 152 (Tex. Crim. App. 1999). 
2. Tex. Gov't Code § 508.149(a) (2002).
3. Id.
4. 137 S.W.3d 58 (Tex. Crim. App. 2004).
5. Tex. Gov't Code § 508.149(a)(13) ("a first degree felony under Section 30.02, Penal
Code").
6. See Tex. Penal Code § 30.02 (d)(1973) (providing burglary is a "felony of the first
degree if . . . the premises are a habitation").
7. See Tex. Code Crim. Proc. art. 42.18, § 8(c)(1987) (repealed); Tex. Code Crim. Proc.
art. 42.12, § 3(g)(1987). 
8. See Tex. Penal Code § 30.02(c) & (d)( 2002) (stating that burglary is a "felony of the
second degree if committed in a habitation" but a "felony of the first degree if . . . (1) the
premises are a habitation; and (2) any party to the offense entered the habitation with intent to
commit a felony other than felony theft or committed or attempted to commit a felony other than
felony theft").
9. Ex parte Hall, 995 S.W.2d at 151 (noting that Section 508.149(a) specifies that inmates
with prior convictions for certain offenses are ineligible for mandatory supervision; recognizing
that the list of offenses has changed over time; stating that an inmate's eligibility for mandatory
supervision is determined by whether his prior conviction is on the list as it existed at the time he
committed his current or holding offense rather than whether it was on the list at the time that the
prior offense was committed).
10. 137 S.W.3d 58 (Tex. Crim. App. 2004). 
11. Id. at 58-60.
12. Id.
13. Id. at 60.
14. See id.
15. Ex parte Ervin, ___ S.W.3d ___, ___, 2005 Tex. Crim. App. LEXIS 518 (Tex. Crim.
App. 2005).
16. Ervin, 2005 Tex. Crim. App. LEXIS 518 at *5.
17. Id. at *6-*7.
18. Id. at *7-*8.
19. See United States v. Cole, ___ F.3d ___, __, 2005 U.S. App. LEXIS 16794 *13 (6th Cir.
August 11, 2005) (adopting an "essential characteristics" test to determine whether a prior
offense is "similar to" those enumerated offenses that the sentencing guidelines state may not be
counted as part of a defendant's criminal history score; stating that the "essential characteristics"
test "simply considers whether the underlying conduct of the offenses is nearly corresponding;
resembling in many respects; somewhat alike; having a general likeness" regardless of the titles
of the two offenses or their legal elements) (internal quotations omitted); see also United States
v. Perez de Dios, 237 F.3d 1192, 1197-99 (10th Cir. 2001) (setting out and applying "essential
characteristics" test).
20. Id.
21. Id. at *7.
22. Id. at *8.
23. By current, we mean the list at the time of the holding offense.
24. The classification committee has already determined that applicant does not have any
other prior convictions which might bar his release on mandatory supervision.