IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,133






EX PARTE GARRIN WARDNER KELLER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 93-091-K277A FROM THE 277
TH DISTRICT COURT


WILLIAMSON COUNTY






 Cochran, J., delivered the opinion of the Court in which Price, Johnson,
Keasler, Hervey, and Holcomb, JJ., joined. Meyers and Womack, JJ., not
participating. Keller, P.J., filed a dissenting opinion. 



O P I N I O N



 In this habeas corpus case we must determine whether a subsequent conviction for
indecency with a child makes applicant ineligible for street-time credit for his earlier burglary
offense under Texas Government Code § 508.283(c). We hold that it does not. Applicant is
eligible for street-time credit for the time he spent on mandatory supervision. Therefore, we
grant relief.

I.

 Applicant is currently serving a nine-year sentence for the third degree felony offense
of burglary of a vehicle, an offense that he committed on October 30, 1992. (1) In 1997, while
on parole for this burglary offense, applicant pleaded guilty to the second degree felony
offense of indecency with a child by contact, a crime which he had committed on June 7,
1993, some four years earlier. He was sentenced to two years imprisonment on this later
offense and had credit for time served beginning on October 31, 1994. Thus, applicant had
fully discharged the indecency sentence by October 30, 1996, even though he was not
actually convicted of that offense until 1997.

 In his writ, applicant complains that he should have received street-time credit, under
Texas Government Code § 508.283, for all time spent on parole or mandatory release. (2)
 The
trial court, however, concluded that "[a]pplicant is described in Section 508.149(a) of the
Government Code, due to his prior conviction for the offense of indecency with a child by
contact. Therefore, applicant is not entitled to credit for the time he spent on parole under
Section 501.0081 of the Government Code."

II.

 We have previously held that the purpose of Section 508.283(c), which applies to any
parole or mandatory supervision revocation occurring after September 1, 2001, is that
"certain parole violators will receive street-time credit if the 'remaining portion' of their
sentence is less than the amount of time they have spent out on parole." (3) That is, if the
"remaining portion" of an inmate's sentence is greater than the time spent on parole or
mandatory supervision, he may not receive credit for that "street time." On the other hand,
if the "remaining portion" of his sentence is less than the time spent on parole or mandatory
supervision, that inmate will receive credit for all of his "street time." (4) 

 However, not all inmates are eligible for street-time credit. Under Section 508.283(c),
only an inmate "other than a person described by Section 508.149(a)" qualifies. Section
508.149(a) sets out a list of specific offenses for which an inmate is ineligible for release on
mandatory supervision. (5) This list includes the offense of indecency with a child. (6) Under
Section 508.149(a), an inmate is ineligible for mandatory supervision if he is "serving a
sentence for or has been previously convicted of" one of these offenses. (7) III.

 At issue in this case is whether applicant is entitled to credit for any "street time" on
mandatory release for which his revocation occurred after September 1, 2001. (8) According
to the Texas Department of Criminal Justice (TDCJ), applicant was last released on
mandatory supervision on October 30, 2001. At that time, applicant had a scheduled
discharge date of October 5, 2004. Thus, he had 2 years, 11 months and 5 days remaining
on his burglary sentence. Applicant was returned to custody on November 12, 2003, and
revoked on May 24, 2004. He was out of custody for 2 years and 12 days. But TDCJ
refused to give applicant credit for this "street time" based on what it called his "previous"
conviction for indecency with a child. According to TDCJ's calculations, applicant had a
scheduled mandatory release date of March 20, 2005, and a discharge date of October 17,
2006.

 As noted above, Section 508.283 would grant applicant "street time" credit if, at the
time the parole revocation warrant issued, he had spent more time on release than he had left
to serve and he is not a person "described by § 508.149(a)." Because applicant spent more
time on mandatory supervision (2 years and 12 days) than he had left to serve (less than a
year), the only question is whether he is a person described by Section 508.149(a): is he an
inmate ineligible for mandatory supervision?

 "Eligibility for mandatory supervision is governed by the law in effect at the time the
offense was committed." (9) When applicant committed his "holding offense," the 1992
burglary of a vehicle, he was eligible for release to mandatory supervision. (10) Once eligible
he remains eligible regardless of whether the applicable mandatory supervision law has
changed in the meantime. (11) This is why he was released on mandatory supervision in 2001
even though he had, by then, been convicted of indecency with a child, an offense for which
he would be ineligible for release on mandatory supervision. Because the laws applying to
applicant in 1992, when he committed the burglary of a vehicle offense, permitted his release
to mandatory supervision, he is not a person described by § 508.149(a). (12) 

 Furthermore, the indecency-with-a-child conviction is not a previous conviction which
could affect applicant's eligibility for release on mandatory supervision for the earlier
burglary offense, it is a later or subsequent conviction. Under the plain language of
§508.149(a), a previous conviction is one obtained before the holding conviction, not after
the holding conviction. Only if the indecency conviction were the holding offense (or if the
holding offense were one committed after the 1997 indecency conviction) would applicant
be a person "described by § 508.149(a)." (13) 

 TDCJ's position (14) is that inmates in applicant's position are not eligible for street-credit time under Section 508.283(c): 

 We believe that eligibility for street time should depend strictly upon whether
the person is one "described by Section 508.149(a)" at the time they are
revoked; in other words, when revoked, does the offender have a current or
prior conviction for an offense as listed in § 508.149(a)?


TDCJ argues that the legislature has used the list of violent offenses set out in § 508.149(a)
as a means to identify particularly heinous offenses for various purposes, but legislative
reference to that statute does not mean that its categorization is in lockstep with eligibility
for mandatory supervision. TDCJ further notes that there is no ex post facto concern with
determining eligibility for street-time credits based upon all of the inmate's
convictions-whether obtained before or after the commission of the "holding" offense-at the
time of his parole revocation. (15)

 Under TDCJ's interpretation, the phrase "previously convicted" in § 508.149(a) means
"convicted before the commission of the holding offense" when determining eligibility for
mandatory supervision, but that same phrase in that same statute means "convicted before
the date of parole revocation" when determining eligibility for street-time credit under
Section 508.283(c). TDCJ notes that in Ex parte Spann, this Court stated that the legislative
purpose of Section 508.283(c) "was to lessen the sentence of non-violent parole violators
(versus violent parole violators) whose time spent out on parole exceeded their remaining
sentences." (16) 

 TDCJ's position is a logical one-the legislature intended Section 508.283(c) to grant
street-time credits only to those inmates who were convicted of non-violent offenses and who
have never been convicted of any violent offense. But that is not what Section 508.283(c)
says. It says that any inmate "other than a person described by Section 508.149(a)" is eligible
for street-time credits. And a person described by Section 508.149(a) is one who is "serving
a sentence for or has been previously convicted of" one of the enumerated violent felonies. 
In that section, the phrase "previously convicted of" means that the person has been
convicted of a violent felony before committing the holding offense. (17) 

 Under the normal rules of statutory construction, there is a presumption of statutory
consistency. That is, a word or phrase that is used within a single statute generally bears the
same meaning throughout that statute and that when a second statute refers to the first statute,
words or phrases within the first statute will bear their same meaning in the second statute. (18) 
As the United States Supreme Court has stated, "the normal rule of statutory construction"
is that "identical words used in different parts of the same act are intended to have the same
meaning." (19) Although that presumption may give way if the legislature has clearly intended
a different result, we are unable to find any clear indication that the legislature intended that
the term "previously convicted" in Section 508.149(a) carry an entirely different meaning for
purposes of good-time credits under Section 508.283(c) than it does for purposes of
determining eligibility for release on mandatory supervision. 

 Thus, we find that the plain meaning of the term "previously convicted" in §
508.149(a) is the same when it is used to describe those who are ineligible for release on
mandatory supervision as when it is used to describe those who are ineligible for "street
time" credit under § 508.283(c).

 In this case, applicant is not serving a sentence for indecency with a child. 
Applicant's holding conviction for burglary occurred before his conviction for indecency
with a child. Therefore, applicant's indecency conviction cannot be called a "previous"
conviction under § 508.149(a) and make him ineligible for street-time credit on the burglary
conviction. (20) 

 Applicant is entitled to relief. TDCJ shall treat applicant as an inmate eligible for
release to mandatory supervision and, because applicant qualifies for street-time credit, shall
credit him with his out-of-custody time during his latest release. Copies of this opinion shall
be sent to TDCJ-CID and the Board of Pardons and Paroles.



Cochran, J.

Delivered: October 5, 2005

Publish 
1. Applicant was originally placed on deferred adjudication for four years, but, in
November 1993, he was adjudicated and placed on ten years straight probation. In 1994, that
probation was revoked, and he was sentenced to nine years in prison.
2. Applicant had previously filed several time-credit disputes with the Time Credit
Resolution Office of the Texas Department of Criminal Justice. The last one filed was pending
when he filed his writ. Applicant was, at that time, within 180 days of his presumptive
mandatory supervision release date. Therefore, the trial court concluded that applicant was
excused from the administrative exhaustion requirement. Tex. Gov't Code § 508.0081
("Subsection (b) does not apply to an inmate who, according to the department's computations, is
within 180 days of the inmate's presumptive parole date, date of release on mandatory
supervision . . .").

3. Ex parte Spann, 132 S.W.3d 390, 392 (Tex. Crim. App. 2004). As noted in Spann, the
wording of Section 508.283(c) is opaque and subject to different interpretations. Compare id. at
393, with id. at 398-99 (Keller, P.J., dissenting) (noting that "[s]tanding alone, the wording
concerning the third class of offenders [listed in § 508.283(c)] is confusing"). The statute reads
as follows:

 (c) If the parole, mandatory supervision, or conditional pardon of a person other
than a person described by Section 508.149(a) is revoked, the person may be
required to serve the remaining portion of the sentence on which the person was
released. For a person who on the date of issuance of a warrant or summons
initiating the revocation process is subject to a sentence the remaining portion of
which is greater than the amount of time from the date of the person's release to
the date of issuance of the warrant or summons, the remaining portion is to be
served without credit for the time from the date of the person's release to the date
of revocation. For a person who on the date of issuance of the warrant or
summons is subject to a sentence the remaining portion of which is less than the
amount of time from the date of the person's release to the date of issuance of the
warrant or summons, the remaining portion is to be served without credit for an
amount of time equal to the remaining portion of the sentence on the date of
issuance of the warrant or citation.

Tex. Gov't Code § 508.283(c).
4. Ex parte Spann, 132 S.W.3d at 393.
5. Ex parte Byrd, 162 S.W.3d 250, 252 (Tex. Crim. App. 2005).
6. Tex. Gov't Code § 508.149(a)(5)("a second degree felony or a third degree felony
under Section 21.11, Penal Code").
7. Id.
8. Applicant claims that he is entitled to street-time credit for several pre-2001 time
periods, but Section 508.283 does not apply to an inmate's "street time" for which the inmate's
parole was revoked before September 1, 2001. See Ex parte Spann, 132 S.W.3d at 394 & n. 7. In
Spann, we stated that "[p]rior to 2001, section 508.283 prescribed that any parole violator
forfeited the benefit of street-time credit." Id. at 394. (emphasis in original). We then noted,

 Before the 2001 amendments, section 508.283(c) merely stated: "If a person's
parole . . . [or] mandatory supervision . . . is revoked, the person may be required
to serve the remaining portion of the sentence on which the person was released.
The remaining portion is computed without credit for the time from the
[RELEASE date] to the [REVOCATION date]." See Act of July 1, 1999, 76th
Leg., R.S., 1999 Tex. Gen. Laws 62.

Id. n.7.
9. Ex parte Byrd, 162 S.W.3d at 252.
10. Tex. Code Crim. Proc. Art. 42.18, § 8(c) (Repealed by Acts 1997, 75th Leg., ch. 165,
§ 12.22, eff. Sept. 1, 1997).
11. See Ex parte Mabry, 137 S.W.3d 58, 59-60 (Tex. Crim. App. 2004). In Mabry, this
Court stated, 

 The amendments contained in Chapter 263 of the Session Laws for the 74th
Legislature (1995), which became effective September 1, 1996, contained a
saving clause.

 Section 3(a) The change in law made by this Act applies only to a
prisoner serving a sentence for an offense committed on or after the
effective date of this Act. For purposes of this section, an offense
is committed before the effective date of this Act if any element of
the offense occurs before the effective date.

 Section 3(b) A prisoner serving a sentence for an offense
committed before the effective date of this Act is covered by the
law in effect when the offense was committed, and the former law
is continued in effect for that purpose.

 Session Laws, 74th Legislature, Regular Session, Chapter 263, §§ 3 and 4 (1995).

 These clauses reflect a clear intention by the Legislature to apply the old
law to prisoners serving a sentence for an offense committed prior to the
September 1, 1996, effective date. Thus, the law prior to those revisions applies
to applicant, whose offense was committed in 1990.

Id.
12. See Ex parte Ervin, ___ S.W.3d ___, ___, 2005 Tex. Crim. App. LEXIS 518, *6-7
(Tex. Crim. App. 2005) ("In 1995, the legislature went further and made ineligible those inmates
who had ever been convicted of one of the enumerated offenses. . . . Specifically, the bill analysis
for House Bill 1433 of the 74th Regular Legislative Session, which amended Article 42.18,
Section 8(c), supports the conclusion that the legislature intended to include all prior serious
offenses. The changes were intended to Amend[] Section 8(c), Article 42.18, Code of Criminal
Procedure, to prevent those previously convicted of crimes ineligible for mandatory supervision
from eligibility for any future conviction, regardless of the current offense") (citing Act of May
29, 1995, 74th Leg. R.S., ch. 263, § 1, 1995 Tex. Gen. Laws 2592 (now codified in Tex. Gov't.
Code § 508.149(a)) & House Comm. on Corrections, Bill Analysis, Tex. H.B. 1433, § 1,
75th Leg., R.S. (1995)). 
13. See Ex parte Mabry, 137 S.W.3d at 63 (Keasler, J., concurring) ("When an inmate has
multiple convictions, he will have one conviction which governs his release date, either because
it is the most recent, contains the longest sentence, or has the least amount of time credits. It is
the conviction that will keep the prisoner in custody for the greatest amount of time. A
prisoner's governing or "holding" conviction could be for an offense committed after 1997, but
he might also have a previous conviction for first-degree burglary. In that instance, the
Legislature sought to make clear that § 508.149 would apply to him, because the holding
conviction is for an offense that was committed after the statute's effective date. Even if that
holding conviction were not on the list of enumerated offenses, the prisoner would still be
ineligible for mandatory supervision if he had previously been convicted of an offense on the
list.").
14. Although TDCJ has not submitted a brief in this case, it has submitted a letter brief in a
different writ application, Cause No. 1991CR0997; Henry Lugo Anguiano, No. WR-62,090-01,
dealing with the same question. We do not normally consider materials and arguments submitted
in one case when deciding another case, but because applicant is in TDCJ's physical custody and
any relief granted would be directed toward TDCJ, its legal rationale for the grant or denial of
"street time" credits under Section 508.283 should be addressed. 

 The construction of a statute made by an administrative agency charged with its
enforcement is entitled to great consideration when that statute is ambiguous and if the
construction is reasonable and does not contradict the statute's plain language. Tex. Gov't
Code § 311.023(6); see Boykin v. State, 818 S.W.2d 782, 785-86 (Tex. Crim. App. 1991)
(stating that "[i]f the plain language of a statute would lead to absurd results, or if the language is
not plain but rather ambiguous, then and only then, out of absolute necessity, is it constitutionally
permissible for a court to consider, in arriving at a sensible interpretation, such extratextual
factors as executive or administrative interpretations of the statute or legislative history");
Tarrant Appraisal Dist. v. Moore, 845 S.W.2d 820, 823 (Tex. 1993) ("Construction of a statute
by the administrative agency charged with its enforcement is entitled to serious consideration, so
long as the construction is reasonable and does not contradict the plain language of the statute.").

 Because we conclude that the meaning of the term "previously convicted" in 508.149(a)
is not ambiguous and is subject to the Boykin "plain meaning" analysis of statutory construction,
we decline to give great deference to TDCJ's interpretation of that phrase. Nonetheless, we
acknowledge and address TDCJ's legal position even though we ultimately do not adopt it.
15. TDCJ may be correct in its ex post facto argument, see Johnson v. State, 930 S.W.2d
589, 591 (Tex. Crim. App. 1996), but the issue is not whether the Constitution bars TDCJ's
interpretation of the statute, but rather whether the term "prior conviction" has a single,
consistent meaning within a statute, even when other statutes refer back to the original one, or
whether that meaning changes like a chameleon. 
16. Ex parte Spann, 132 S.W.3d at 393-94.
17. See Ex parte Ervin, ___ S.W.3d ___, ___, 2005 Tex. Crim. App. LEXIS 518, at *6-7
(Tex. Crim. App. 2005) (noting that, in amending the mandatory supervision law, "the legislature 
intended to include all prior serious offenses. The changes were intended to . . . prevent those
previously convicted of crimes ineligible for mandatory supervision from eligibility for any
future conviction, regardless of the current offense") (citation omitted), Ex parte Mabry, 137
S.W.3d 58, 63 (Tex. Crim. App. 2004) (Keasler, J., concurring) (discussing the legislative
rationale for referring to previous convictions in § 508.149 and noting that even "if that holding
conviction were not on the list of enumerated offenses, the prisoner would still be ineligible for
mandatory supervision if he had previously been convicted of an offense on the list"); Ex parte
Hall, 995 S.W.2d 151, 152 (Tex. Crim. App. 1999) (using the terms "previous conviction" and
"prior conviction" interchangeably under § 508.149 with both terms meaning a conviction
obtained before the "holding" conviction).
18. See, e.g., Texas Dept. of Transp. v. Needham, 82 S.W.3d 314, 318 (Tex. 2002) ("In
ascertaining a term's meaning, courts look primarily to how that term is used throughout the
statute as a whole. Statutory terms should be interpreted consistently in every part of an act")
(citations omitted); Brown v. Darden, 121 Tex. 495, 500, 50 S.W.2d 261, 263 (Tex. 1932)
("Whenever a legislature has used a word in a statute in one sense and with one meaning, and
subsequently uses the same word in legislating on the same subject-matter, it will be understood
as using it in the same sense, unless there be something in the context or the nature of things to
indicate that it intended a different meaning thereby"); Alexander v. State, 84 Tex. Crim. 75, 80,
204 S.W. 644, 647 (Tex. Crim. App. 1918) ("In the absence of any direct judicial interpretation
of the language under construction, the use of these phrases in substantially the same connection,
where their meaning is undisputed, would seem to afford the best guide as to the legislative
intent"); Guthery v. Taylor, 112 S.W.3d 715, 721-22 (Tex. App.-Houston [14th Dist.] 2003, no
pet.) ("when construing a statutory word or phrase, a court may take into consideration the
meaning of the same or similar language used elsewhere in the act or in another act of similar
nature. When the same or a similar term is used in the same connection in different statutes, the
term will be given the same meaning in one as in the other, unless there is something to indicate
that a different meaning was intended.") (citations omitted).
19. Gustafson v. Alloyd Co., Inc., 513 U.S. 561, 570 (1995) (quoting Department of
Revenue of Ore. v. ACF Indus., Inc., 510 U.S. 332, 342 (1994)); See also Desert Palace, Inc. v.
Costa, 539 U.S. 90, 101 (2003); Commissioner v. Lundy, 516 U.S. 235, 250 (1996) ("The
interrelationship and close proximity of these provisions of the statute presents a classic case for
application of the normal rule of statutory construction that identical words used in different parts
of the same act are intended to have the same meaning.") (internal quotations omitted). 
20. Cf. Ex parte Ervin, ___ S.W.3d at ___, 2005 Tex. Crim. App. LEXIS 518 at *8
("applicant is not eligible for mandatory supervision release because he has been previously
convicted of a second degree predecessor of Penal Code Section 22.011 (sexual assault) and
because Government Code Section 508.149(a) precludes from release inmates who have been
convicted of such an offense or its predecessors") (emphasis supplied).