# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 3, 2013

No. 12-40008

Lyle W. Cayce
Clerk

MANDELL RHODES, JR.,

Petitioner - Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

Appeal from the United States District Court
for the Eastern District of Texas

Before KING, HIGGINBOTHAM, and CLEMENT, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Under Texas law, a person who serves a month in prison has that month of "calendar time" credited toward his sentence. A person who serves a month on parole may likewise earn a month of "[s]treet-time credit," a form of calendar time which also counts toward a sentence.[1] We consider whether, in Texas, a person convicted of aggravated rape who was paroled *by mistake* is entitled to street-time credit for the period between his release and the revocation of his release.

---

[1] *Ex parte Spann*, 132 S.W.3d 390, 392 n.2 (Tex. Crim. App. 2004) ("Street-time credit refers to calendar time a person receives towards his sentence for days spent on parole or mandatory supervision.").

## I.

Mandell Rhodes, Jr. was convicted of aggravated rape in 1980. Texas paroled him in 2004,[2] but he returned to prison in 2006 after violating a condition of his release. Rhodes claims that he is being denied street-time credit for the two years that he was on parole, credit that he claims "could be used to accelerate his automatic release to mandatory supervision." According to Rhodes, Texas law requires that when an inmate is released in error through no fault of his own, he is entitled to be credited with all earned street-time credit upon his return to prison. The denial of such credit, he contends, is a denial of due process.

Rhodes sought habeas relief in federal district court.[3] The district court denied his petition, for reasons that we will explain. Rhodes obtained a Certificate of Appealability (COA), which grants us jurisdiction to decide this appeal.[4] Per the COA, we consider Rhodes's argument that his street time should have been restored because he was erroneously released to parole.

## II.

Rhodes is in custody pursuant to the judgment of a Texas court. In the usual case, we could grant him federal habeas relief only if he cleared the hurdle

---

[2] As the district court noted, "Rhodes contended that his release on parole was in error because he had been convicted of aggravated rape and thus could only be released by an 'extraordinary full board vote,' rather than the vote of a panel. He stated that for inmates convicted of aggravated rape, two-thirds of the full board, or five of the seven board members, had to vote in favor of release, but his case was heard by a three-member panel, two of whom voted for release."

[3] The government concedes that Rhodes exhausted state remedies.

[4] *Gonzalez v. Thaler*, 132 S. Ct. 641, 649 (2012) (discussing 28 U.S.C. § 2253(c)(1)(A)). The certificate was granted so that we could evaluate whether *Ex parte Hale*, 117 S.W.3d 866 (Tex. Crim. App. 2003) (en banc), vitiates *Thompson v. Cockrell*, 263 F.3d 423, 426–28 (5th Cir. 2001).

of 28 U.S.C. § 2254(d). That provision ordinarily forecloses relief unless a state-court decision "was contrary to, or involved an unreasonable application of Federal law," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding."[5] But it is of no moment whether Rhodes could overcome this deferential standard of review, for even were we to review afresh the decision of the district court, Rhodes's claim lacks merit.

## III.

As relevant here, we may grant Rhodes's petition only if one of his constitutional rights has been violated.[6] He contends that he was deprived of street-time credit without due process, in violation of the Fourteenth Amendment. Rhodes cannot prevail on this argument unless he has a "liberty . . . interest" in his claimed street-time credit;[7] if he does not have a liberty interest in that street-time credit, he was due no more process than he received.[8]

Whether Rhodes has such a liberty interest turns on Texas state law.[9] In 2001, we held in *Thompson v. Cockrell* that a Texas prisoner had a protected liberty interest in receiving credit for the time between his erroneous release

---

[5] 28 U.S.C. § 2254(d).

[6] *See id.* § 2241; *Thompson*, 263 F.3d at 425.

[7] *Meza v. Livingston*, 607 F.3d 392, 399 (5th Cir. 2010) (quoting *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)).

[8] *See Ky. Dep't of Corr.*, 490 U.S. at 460 ("[A]n individual claiming a protected [liberty] interest must have a legitimate claim of entitlement to it."); *but cf. Teague v. Quarterman*, 482 F.3d 769, 776 (5th Cir. 2007) (holding that an "addendum to Texas's mandatory supervision scheme, with its narrowly limited modicum of discretion, [does not] deprive all inmates of their constitutional expectancy of early release").

[9] *See Ky. Dep't of Corr.*, 490 U.S. at 460 (explaining that liberty interests may arise from the Due Process Clause or from state law); *Thompson*, 263 F.3d at 426 (holding that the Clause does not create a liberty interest in calendar-time credit).

from custody and the revocation of that release.[10] We did so based in part on the Texas Court of Criminal Appeals's (CCA's) decision in *Ex parte Morris*.[11] In *Morris*, the CCA held that a prisoner was "entitled to be granted credit on his formal sentence for the calendar time when he was at liberty on parole."[12] But as the district court recognized—and Rhodes conceded below—*Morris* is no longer good law.

In 2003, the CCA expressly overruled *Morris* (and similar cases) in *Ex parte Hale*.[13] The CCA further explained that "[t]he law that should apply to [a person paroled in error] is . . . the law that governs releasees."[14] Accordingly, to determine whether Rhodes has a liberty interest in the street-time credit he demands, we must evaluate Texas's law of releasees.[15]

We turn to the law in effect when Texas *revoked* Rhodes's release.[16] Because revocation occurred in 2006, Texas's "street-time credit statute," TEX. GOV'T CODE § 508.283, controls.[17] Section 508.283(b) provides:

---

[10] 263 F.3d 423, 427 (5th Cir. 2001).

[11] *Id.* (citing 626 S.W.2d 752, 757 (Tex. Crim. App. 1982) (en banc)) *overruled by Ex parte Hale*, 117 S.W.3d 866 (Tex. Crim. App. 2003) (en banc).

[12] 626 S.W.2d at 757.

[13] 117 S.W.3d at 872 n.26.

[14] *Id.* at 872.

[15] *Thompson* notwithstanding, our rule of orderliness does not prevent this inquiry. *See Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008) ("It is a well-settled Fifth Circuit rule of orderliness that one panel of our court may not overturn another panel's decision, *absent an intervening change in the law, such as* by a statutory amendment, or the Supreme Court, or our *en banc* court. (emphasis added)); *cf. Farnham v. Bristow Helicopters, Inc.*, 776 F.2d 535, 537 (5th Cir. 1985) ("A panel of this court cannot 'overturn' the decision of another panel. In diversity cases, however, we are to follow subsequent state court decisions that are clearly contrary to a previous decision of this court.").

[16] *See Ex parte Hernandez*, 275 S.W.3d 895, 897 (Tex. Crim. App. 2009) (evaluating the law in effect at the time of parole revocation).

[17] *Ex parte Noyola*, 215 S.W.3d 862, 864 (Tex. Crim. App. 2007) (explaining that the statute "applies to all revocations of parole . . . that occur on or after September 1, 2001").

> If the parole, mandatory supervision, or conditional pardon *of a person described by Section 508.149(a) is revoked*, the person may be required to serve the remaining portion of the sentence on which the person was released. The remaining portion is computed *without credit* for the time from the date of the person's release to the date of revocation.[18]

As emphasized above, § 508.283 excludes from street-time credit those persons described in § 508.149(a).[19] According to the CCA, § 508.149(a) encompasses persons—like Rhodes—who have been convicted of aggravated rape.[20] Thus, Rhodes cannot establish a violation of his right to due process because, as a person described by § 508.149(a), he is not entitled to street-time credit.

Rhodes disagrees. Citing § 508.283(b), he contends that Texas may not forfeit his earned street-time credit unless he was actually paroled. Rhodes was not *lawfully* on parole, he argues, because he never signed a *valid* parole contract. However, in light of *Hale*'s direction that persons paroled in error be treated as though they were releasees for purposes of § 508.283, this argument lacks force.[21]

---

[18] TEX. GOV'T CODE § 508.283(b) (emphasis added).

[19] *See id.* § 508.283(c).

[20] *See Ex parte Ervin*, 187 S.W.3d 386, 387–89 (Tex. Crim. App. 2005). Section 508.149(a) describes several types of offenders, including those "serving a sentence for or . . . previously convicted of . . . a felony under Section 22.011 . . . [or] a first degree felony under Section 22.021" of the Texas Penal Code. TEX. GOV'T CODE § 508.149(6), (8). *Ervin* held that § 508.149(a) "includes the predecessors to the enumerated offenses" listed therein. 187 S.W.3d at 389. Section 21.09 is a predecessor of Sections 22.011 and 22.021 of the Penal Code. *Id.* at 388. Thus, § 508.149(a) includes violations of the now-repealed § 21.09 of the Penal Code, under which Rhodes was convicted.

The *Ervin* court did not indicate that only certain types of felonies under § 21.09 were included under § 508.149(a), and Rhodes does not contend that we should so limit its reach. In any event, the CCA expressed that it "[could not] believe that the legislature intended" to omit aggravated rape from the scope of § 508.149(a). *Id.*

[21] We therefore need not decide (1) whether Rhodes's petition was timely filed; (2) whether he is eligible for mandatory release; or (3) whether he was actually released in error.

\* \* \*

Rhodes is entitled to federal habeas relief only if he was deprived of street-time credit without due process. Because he had no protected liberty interest in the street-time credit that he claims to have accrued, his due-process right was not violated. We therefore AFFIRM the district court's denial of his habeas petition.[22]

---

[22] This is not a case in which a person released in error was returned to custody *before* violating a condition of that release. *Cf. Ex parte Rowe*, 277 S.W.3d 18, 18–19 (Tex. Crim. App. 2009) (per curiam) (holding that person who was "erroneously released from custody through no fault of his own," and "violated no laws nor any terms of release that would have applied to him had he been properly" paroled, was entitled to street-time credit).