# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-20036

EDWARD LOUIS WOODARD,

Plaintiff-Appellant

v.

COUNTY OF WALLER; JOHN DOE, Employee State of Texas; JOHN DOE, Texas Department of Criminal Justice,

Defendants-Appellees

United States Court of Appeals
Fifth Circuit

**FILED**

August 29, 2014

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-3622

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Edward Louis Woodard, Texas prisoner # 1614126, moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983 complaint. Woodard alleged that he had been wrongfully convicted by Waller County, that he was erroneously released on parole, that an unknown TDCJ official miscalculated his parole eligibility date, that he was denied

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

street time for the time he was on parole, and that an unknown state official denied him copies of his court records.

The district court dismissed the complaint as frivolous for failure to state a claim. Woodard's request for IFP status was denied, and the district court certified that an appeal would not be taken in good faith. By moving to proceed IFP on appeal, Woodard challenges the district court's certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Regarding Woodard's claims against Waller County, the district court found that Woodard failed to allege facts supporting a claim for municipal liability. To establish municipal liability under § 1983, a plaintiff must prove three elements: "a policy maker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell v. Dep't of Soc. Services*, 436 U.S. 658, 694 (1978)). In his brief, Woodard repeats the merits of his allegations without addressing the elements of municipal liability. He does not allege any facts giving rise to a claim of municipal liability. Therefore, he fails to show that the district court erred in finding that he failed to state a claim for relief against Waller County.

The district court correctly determined that Woodard's claim regarding the denial of credit for time spent on parole failed. *See* TEX. GOV'T CODE ANN. § 508.283(b) (1999); *see Rhodes v. Thaler*, 713 F.3d 264, 267 (5th Cir. 2013). Woodard's argument that his sentence was erroneously calculated fails to allege or show that the unknown individual "negligently establishe[d] a record keeping system in which errors" were likely. *Bryan v. Jones*, 530 F.2d 1210, 1215 (5th Cir. 1976) (en banc). He does not show that the district court erred in finding that he failed to state a claim of a violation of his constitutional right by the official in record keeping. Woodard does not address the district court's

reason for dismissing his claims against an unknown state official based on the alleged denial of state court records.  The claim is abandoned.  *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Though Woodard argues that he was entitled to discovery, he fails to show that any of his allegations stated a claim for relief.  Therefore, discovery would not have resulted in a different outcome.  *See Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984).

Finally, Woodard contends that the district court abused its discretion in dismissing his complaint on the pleadings without giving Woodard notice and opportunity to correct the problem.  The district court was not required to give Woodard notice of the impending dismissal of his complaint.  *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a) (screening and dismissal of frivolous claims and claims against immune defendants should be performed "as soon as practicable").

Woodard's appeal lacks arguable merit and is frivolous.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  Accordingly, his motion for leave to proceed IFP is denied, and the appeal is dismissed as frivolous.  *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.  This court's dismissal of this appeal as frivolous and the district court's dismissal of the complaint count as two strikes under § 1915(g).  Woodard is warned that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.