

**NUMBER 13-18-00152-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**EDUARDO LUNA JR.,**                                                                          **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                       **Appellee.**

---

**On appeal from the 107th District Court
of Cameron County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria
Memorandum Opinion by Justice Longoria**

Eduardo Luna Jr. pled guilty to two counts of aggravated sexual assault of a child younger than fourteen years of age. *See* TEX. PENAL CODE ANN. § 22.021(a)(2)(B). The trial court assessed punishment at ten years' imprisonment on each count to run concurrently. By one issue, which we address as two, Luna argues that (1) the trial court

erred in granting a new sentencing hearing without his consent, and (2) in the alternative, his convictions violated the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution and Article 1, Section 14 of the Texas Constitution. We affirm.

## I. PROCEDURAL BACKGROUND

On June 22, 2016, Luna was indicted for two counts of aggravated sexual assault of a child younger than fourteen years of age. *See id*. Luna reached a plea agreement with the State in which he agreed to plead guilty in exchange for the State recommending that his sentence not exceed twenty years, as opposed to the statutory maximum ninety-nine years imprisonment. The trial court accepted Luna's plea and scheduled Luna's sentencing hearing for a later date. Due to a conflict in scheduling, the Honorable Judge Benjamin Euresti Jr. of the 107th District Court of Cameron County, who accepted Luna's plea of guilty, was unable to preside over the sentencing hearing. Instead, the sentencing hearing was held in the 357th District Court of Cameron County before the Honorable Judge Juan A. Magallanes. After hearing testimony and evidence, Judge Magallanes continued the case to deliberate on Luna's punishment. Prior to the next hearing, the State informed Judge Magallanes ex parte that it did not believe that Judge Magallanes had jurisdiction to assess punishment based upon the unitary trial doctrine. On February 7, 2018, Judge Magallanes held a sentencing hearing in which he informed the parties that he was transferring the case back to Judge Euresti for sentencing, over Luna's objection. On February 27, 2018, Judge Euresti held a sentencing hearing and assessed Luna's punishment at ten years' imprisonment on each count of the indictment, with the sentences to run concurrently. This appeal followed.

## II. DISCUSSION

2

Luna argues that the unitary trial doctrine did not bar Judge Magallanes from determining his sentence, and therefore, the second sentencing hearing and assessment of punishment by Judge Euresti was "a void judicial action" as it constituted a new trial as to the punishment phase. In the alternative, Luna argues that his constitutional right against double jeopardy was violated.

## A. Void Judicial Action

The State concedes that the unitary trial doctrine did not bar Judge Magallanes from assessing Luna's punishment, but argues that the sentencing hearing and assessment of punishment by Judge Euresti after the case was transferred back to his court did not constitute a new trial. Luna argues that pursuant to Texas Government Code § 24.003(b)(2), once Judge Magallanes accepted the case and held a sentencing hearing where evidence was introduced and witnesses testified, he was *required* to "hear and determine" Luna's sentence. *See* TEX. GOV'T CODE ANN. § 24.003(b)(2). However, as the State points out, the statute does not require such an action, but rather specifically states: "Unless provided otherwise by the local rules of administration, a district judge in the county *may*: . . . (2) hear and determine any case or proceeding pending in another district court in the county without having the case transferred." *Id*. (emphasis added). Therefore, Judge Magallanes was not required to determine Luna's sentence. *Id*.

The Texas Constitution expressly permits district judges to "exchange districts, or hold courts for each other when they may deem it expedient[.]" TEX. CONST. art. V, § 11. Pursuant to the exchange of benches section in the government code, district judges have wide discretion to temporarily exchange benches with the judge of another district court in the county, hear and determine matters pending in other district courts within the

3

county, and transfer civil or criminal cases to the docket of another district court within the same county. *See* TEX. GOV'T CODE ANN. § 24.003. A district judge in a county may hear and determine any part or question of any case or proceeding pending in any of the district courts, and any other district judge may complete the hearing and render judgment in the case or proceeding. *Id*. § 24.003(d). Further, nothing in § 24.003 of the Government Code or article V, § 11 of the Texas Constitution requires a written order or explanation for an exchange of benches by district judges. *See Mata v. State*, 669 S.W.2d 119, 121 (Tex. Crim. App. 1984). Accordingly, either judge had the authority to hear the case and assess punishment.

Luna asserts that the second sentencing hearing held before Judge Euresti amounted to a "new trial as to only the punishment phase" without his consent. Luna, however, has not provided any legal analysis, authority, or argument to support the assertion that the second hearing "effectively granted a new trial." Without substantive argument or supporting authorities, an issue cannot be adequately evaluated, and will be overruled. *See* TEX. R. APP. P. 38.1(i); *Rocha v. State*, 16 S.W.3d 1, 20 (Tex. Crim. App. 2000) (explaining that arguments that fail to cite to authority in support of claim present nothing for review). Therefore, we overrule Luna's first issue.

## B. Double Jeopardy

Luna alternatively argues that jeopardy attached when Judge Euresti agreed to cap Luna's punishment during the plea hearing, and that Judge Magallanes "declared a mistrial on lack of jurisdiction," which bars his re-prosecution, and therefore the second sentencing hearing was impermissible.

4

Luna's argument is based on his contention that Judge Magallanes effectively "declared a mistrial" when he transferred the case back to Judge Euresti. This argument comes from his own interpretation of the Texas Government Code. Luna argues that "once accepted, and to promote finality, Sec. 24.003(b)(2) of the Texas Government Code should be interpreted to *require* a determination from the district judge who is acting in lieu of another district judge in the same county during a pending criminal proceeding." However, the statute is clear that the judge "*may*: . . . hear and determine any case . . . ." TEX. GOV'T CODE ANN. § 24.003(b)(2) (emphasis added). A statute's words are the surest guide to its intended meaning and, therefore, we focus our analysis upon the plain language of the statute. *Ex parte Ervin*, 187 S.W.3d 386, 388 (Tex. Crim. App. 2005); *see also* TEX. GOV'T CODE ANN. § 311.011 (words and phrases should be read in context and, unless they have acquired a specialized or technical meaning, construed according to their common usage). We interpret a statute according to the literal meaning of the words in the statute, unless doing so would lead to an absurd result that the legislature could not have intended. *Ex parte Ervin*, 187 S.W.3d at 388. Accordingly, we will not construe "may" to mean "require" as Luna argues. Therefore, Judge Magallanes's actions did not constitute a declaration of a mistrial as he had the authority to transfer the case back to Judge Euresti for sentencing.

We overrule Luna's second issue.

### III. CONCLUSION

The judgment of the trial court is affirmed.

NORA L. LONGORIA
Justice

5

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
18th day of July, 2019.