### Ex Parte Keenan Dean BYRD.

### Nos. AP–74993, AP–74994.

Court of Criminal Appeals of Texas.

May 4, 2005.

---

**70.** *Id.*

**71.** *Id.*

Keenan Dean Byrd, pro se.

Edward F. Shaughnessy, III, Asst. District Atty., San Antonio, Matthew Paul, State's Atty., Austin, for State.

KELLER, P.J., delivered the opinion of the unanimous Court.

We filed and set this application for writ of habeas corpus to determine whether an aggravated assault on a peace officer committed in 1986 renders applicant ineligible for time credit under Texas Government Code § 508.283(c). We hold that applicant is eligible for the time credit and grant relief.

## I.  BACKGROUND[1]

On January 31, 1986, applicant committed the offense of aggravated assault on a peace officer. He was later convicted of

---

1.  The background facts are taken from the trial court's findings of fact and conclusions of law.

2.  Texas Department of Criminal Justice.

---

that offense and placed on probation. On December 31, 1988, applicant committed the offense of theft from a person. He was convicted, but placed on probation for that offense as well. On February 8, 1990, his probations in both cases were revoked, and he was sentenced to seven years on the aggravated assault case and to eight years on the theft case, to be served consecutively. Due to the accumulation of pretrial time credits, applicant's start date for TDCJ[2] calculation purposes was February 20, 1989.

Applicant was released to mandatory supervision on February 23, 2000. A pre-revocation warrant was issued on May 12, 2002, and applicant's mandatory supervision was subsequently revoked. At the time the warrant issued, applicant had spent 810 days on mandatory supervision, and he had 650 days remaining on his sentence, with a discharge date of February 20, 2004. Upon revocation, applicant was not awarded credit for time spent on release. As a result, his discharge date moved to May 13, 2006.

In his application for writ of habeas corpus, applicant complains that he should have received credit under Texas Government Code § 508.283 for time spent on release.[3] The State contends, however, that applicant is a person "described by Texas Government Code § 508.149(a)" and so the benefits of § 508.283 do not apply to him.

## II.  ANALYSIS

§ 508.283 grants credit for time served while on release (i.e. "street time") if, at the time the warrant initiating the revocation process issues, a prisoner has

---

3.  Applicant had previously filed a time-credit dispute with the appropriate division of TDCJ.

spent more time on release than he has left to serve and he is not a person "described by § 508.149(a)."[4] Because applicant spent more time on release than he had left to serve, the question before us is whether he is a person described by § 508.149(a).

§ 508.149(a) sets out a list of offenses that render an inmate ineligible for mandatory supervision. These offenses are described by code, section number, and the degree of the felony.[5] Under the current version of § 508.149(a), an inmate is ineligible for mandatory supervision if he is "serving a sentence for or has been previously convicted of" one of these offenses.[6] But eligibility for mandatory supervision is governed by the law in effect at the time the offense was committed,[7] and the laws applying to applicant in 1986 and 1988 when he committed the offenses permitted his release to mandatory supervision.[8]

The § 508.283 time credit applies to revocations that occur after September 1, 2001.[9] The State contends that when § 508.283 refers to § 508.149(a), it means the version in effect at the time of revocation[10] rather than whatever predecessor version controls the prisoner's mandatory supervision eligibility. As a result, the State reasons, a person who is eligible for mandatory supervision may be ineligible for the time credit, and vice-versa. Nevertheless, assuming *arguendo* that the State's interpretation of § 508.283 is correct, applicant prevails because, even under that interpretation, applicant's aggravated assault offense is not described by § 508.149(a).

Included in the list of offenses found in § 508.149(a) is "a first degree felony or a second degree felony under Section 22.02, Penal Code."[11] Since 1973, § 22.02 has prohibited an offense entitled "aggravated assault." The offense of "aggravated assault on a peace officer," for which applicant was convicted, was indeed codified at the time applicant committed the offense as an "aggravated assault" offense under § 22.02.[12] But in 1986, aggravated assault on a peace officer was a third degree felony unless a deadly weapon was used.[13] Applicant's indictment did not allege the use of a deadly weapon,[14] no reference to a deadly weapon appears in the judgment, and the sentence of seven years is consistent with a third degree felony. Consequently, although the degree of felony was

---

4. § 508.283(c).

5. § 508.149(a).

6. *Id.*

7. Acts 1987, 70th Leg., ch. 384, § 9; Acts 1995, 74th Leg., ch. 263, § 3.

8. *See* Tex.Code Crim Proc., Art. 42.18, § 8(c)(1986, 1988).

9. Acts 2001, 77th Leg., ch. 856, § 11.

10. § 508.149 was last amended on June 14, 2001.

11. § 508.149(a)(7).

12. Tex. Pen.Code § 22.02(a)(2)(1986).

13. Tex. Pen.Code § 22.02(c)(1986)("An offense under this section is a felony of the third degree unless the offense is committed under Subdivision (2) of Subsection (a) of this section and the person uses a deadly weapon, in which event the offense is a felony of the second degree").

14. The indictment alleged that applicant "did then and there knowingly and intentionally cause bodily injury to Gregory Silber, hereinafter called the complainant, who was a peace officer in the lawful discharge of official duty and the said defendant knew and had been informed that complainant was a peace officer, by then and there striking said complainant in the head and chest with defendant's fist."

not specified in the indictment or the judgment, we conclude that applicant was in fact convicted of a third degree felony. § 508.149(a), which refers only to *first* and *second* degree felony offenses committed under § 22.02, does not expressly include applicant's offense.

But that does not end the inquiry. Recently, in *Ex parte Ervin,* the Court decided that statutory precursors of the offenses listed in § 508.149(a) are considered to be included for the purpose of determining whether an inmate is ineligible for mandatory supervision.[15] Even if we were to assume *arguendo* that *Ervin's* holding regarding mandatory-supervision eligibility extends, *via* § 508.283's reference to § 508.149(a), to street-time eligibility, that holding has no applicability in this case because applicant's "aggravated assault" offense is not a statutory precursor to any offense contained in § 22.02 (and therefore excluded by § 508.283) at the time of his revocation.

The subsection of § 22.02 describing applicant's offense provided that a person commits an offense if he:

> ... threatens with a deadly weapon or causes *bodily injury* to a peace officer or a jailer or guard employed at a municipal or county jail or by the Texas Department of Corrections when the person knows or has been informed the person assaulted is a peace officer, jailer, or guard:
>
> (A) while the peace officer, jailer, or guard is lawfully discharging an official duty; or
>
> (B) in retaliation for or on account of an exercise of official power or performance

of an official duty as a peace officer, jailer, or guard.[16]

The aggravated assault statute in effect at the time of applicant's revocation did include a subsection referencing "public servants"—with language that is otherwise similar to divisions (A) and (B) under the 1986 version of the statute—and making an offense committed under that section a first degree felony.[17] But the first degree felony offense found in the 2002 version of the statute contains additional elements not present in the third degree felony offense found in the 1986 version. Under the 2002 version of the statute, aggravated assault against a public servant requires a showing, along with all other aggravated assaults, of either *serious* bodily injury or the use or exhibition of a deadly weapon.[18] Neither of these elements was required by the third degree felony found in the 1986 version of the statute, and in fact, the 1986 statute contained the element of "bodily injury," a lesser element than "serious bodily injury."

A careful reading of the Penal Code reveals that the statutory successor to the 1986 offense is actually found in the 2002 version of Texas Penal Code *§ 22.01,* the simple assault statute. The 2002 version of § 22.01 proscribed conduct that inflicted "bodily injury" and provided for an enhanced penalty (third degree felony) when such conduct was directed against "public servants":

> An offense under Subsection (a)(1) [causing bodily injury] is a Class A misdemeanor, except that the offense is a felony of the third degree if the offense is committed against:
>
> (1) a person the actor knows is a public servant while the public servant is law-

---

**15.** 2005 WL 767846, 2005 Tex.Crim.App. LEXIS 518 (April 6, 2005).

**16.** § 22.02(a)(2)(1986)(emphasis added).

**17.** § 22.02(b)(2)(2002).

**18.** § 22.02(a)(1), (2)(2002).

fully discharging an official duty, or in retaliation or on account of an exercise of official power or performance of an official duty as a public servant.[19]

§ 22.01 is not listed in the 2002 version of § 508.149(a). Since applicant's 1986 offense was a statutory precursor to the 2002 version of *§ 22.01* instead of § 22.02, it does not come within the rule announced in *Ervin.*

Applicant's "aggravated assault on a peace officer" offense is not an offense described by § 508.149(a). Consequently, he is eligible for the § 508.283 time credit.

Relief is granted. We order that applicant's sentence be credited with the 810 days he spent on supervised release.[20] A copy of this opinion will be sent to TDCJ–CID and the Board of Pardons and Parole.

---

**19.** § 22.01(b)(1)(bracketed material inserted).

**20.** *Ex parte Spann,* 132 S.W.3d 390 (Tex. Crim.App.2004).