IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-36,343-02 & -03 







EX PARTE BRIAN KEVIN FOSTER, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS 

CAUSE NOS. W93-68891-J(B), W96-46975-J(B) 

IN THE CRIMINAL DISTRICT COURT NO. 3 FROM DALLAS COUNTY 




 

 Per curiam.


O R D E R 



 Brian Kevin Foster was convicted of possession of a controlled substance and delivery
of a controlled substance. Foster received a sentence of ten years' imprisonment for each
offense. Foster did not appeal.

 Foster was released on parole on July 30, 1999. While Foster was out on parole, he
was charged and convicted of aggravated assault with a deadly weapon, a second-degree-felony offense. On May 20, 2004, he was sentenced to two years' imprisonment and fined
$2,000. He did not appeal. A pre-revocation warrant initiating the revocation proceedings
was issued on February 27, 2004. Finding that Foster violated the conditions of his release
by virtue of his new conviction, the Texas Board of Pardons and Paroles voted to revoke
Foster's release on June 18, 2004. 

 After exhausting his administrative remedies, (1) Foster filed these applications for writs
of habeas corpus challenging TDCJ's failure to credit his ten-year sentences with "street-time" credit under Section 508.283(c), Texas Government Code, for the period of time he
spent on parole. 

 Under Section 508.283(c), an inmate is entitled to time credit for time served while
released to parole or mandatory supervision if the inmate "meets the following two
conditions: (1) the inmate is not 'a person described by Section 508.149(a)' of the Texas
Government Code; and (2) on the date that the pre-revocation warrant or summons initiating
the revocation process is issued, the remaining portion of the inmate's sentence is less than
the time the inmate spent on parole." (2) 

 The trial judge has determined that Foster is entitled to street-time credit and
recommends that we grant relief. First, the trial judge concluded that Foster fulfilled the
second condition entitling him to street-time credit. The trial judge found that Foster had
approximately six years and ten months left on his sentences when he was released on parole
and that he had approximately two years and four months remaining on his sentences when
his release was revoked. Thus, according to the trial judge, when the pre-revocation warrant
initiating the revocation process was issued, the remaining portion of Foster's sentence was
less than the amount of time Foster spent on parole. The trial judge also concluded that
Foster met the first condition entitling him to street-time credit. The trial judge found that
Foster's convictions for possession of a controlled substance and delivery of a controlled
substance did not prevent him from receiving street-time credit. Addressing Foster's
conviction for aggravated assault with a deadly weapon, the trial judge stated the following:

 At the time of Applicant's revocation, he was serving a sentence for
aggravated assault with a deadly weapon. The Texas Department of Criminal
Justice, Institutional Division and the Texas Department of Criminal Justice
Parole Division cited this offense as the reason to deny Applicant street time
credit. As this was an offense committed subsequent to the holding offense,
it cannot be used to deny Applicant street time credit on these offenses. Ex
parte Keller, 173 S.W.3d 492 (Tex. Crim. App. 2005).


 Although we agree with the majority of the trial judge's findings, we conclude that
the judge's reliance on our decision in Ex parte Keller to support his conclusion that relief
is warranted is mistaken. Our decision in Ex parte Keller is inapplicable here because, in that
case, we focused on the construction of the phrase "previously convicted of" in Section
508.149(a). (3) We held that "'previously convicted of' means that the person has been
convicted of a violent felony before committing the holding offense." (4) In this case, the
"previously convicted of" proviso in Section 508.149(a) is irrelevant because Foster was
serving his two-year sentence for aggravated assault with a deadly weapon when he was
revoked. We recently clarified the interaction between Sections 508.283(c) and 508.149(a),
and in doing so, we stated: "The starting point is the version of Section 508.283(c) in effect
when the inmate's parole or mandatory supervision is revoked. By incorporating Section
508.149(a) by reference, Section 508.283(c) invokes the version of Section 508.149(a) in
effect when the inmate's parole or mandatory supervision is revoked." (5) Adhering to this
process, we find that under the version of Section 508.149(a) that was in effect when Foster's
parole was revoked, Foster, due to his conviction for aggravated assault, was serving a
sentence for an offense listed in subsections (1) and (7) when his parole was revoked. (6) 
Foster, therefore, did not meet the first requirement entitling him to time credit under Section
508.283(c) because he was person described by Section 508.149(a) when his release was
revoked. As a result, we find that Foster is not entitled to street-time credit for the period of
time he spent on parole and deny relief. 


DATE DELIVERED: May 9, 2007

DO NOT PUBLISH
1. Tex. Gov't Code Ann. § 501.0081 (Vernon 2004).
2. Ex parte Noyola, 215 S.W.3d 862, 865 (Tex. Crim. App. 2007) (citing Ex parte
Spann, 132 S.W.3d 390, 393 (Tex. Crim. App. 2004) (quoting Tex. Gov't Code Ann. §
508.283 (Vernon 2004)); Ex parte Byrd, 162 S.W.3d 250, 251-52 (Tex. Crim. App. 2005)
(citing Acts 2001, 77th Leg., ch. 856, § 11)). 
3. 173 S.W.3d at 493-99.
4. Id. at 497 (emphasis in original).
5. Ex parte Noyola, 215 S.W.3d at 867.
6. Tex. Gov't Code Ann. § 508.149(c) (Vernon 2004) (last amended by Acts of
2001, 77th Leg., ch. 786, § 3, eff. June 14, 2001).