NO. 07-08-0216-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 4, 2008
_____

IN RE VINCENT FRIEMEL
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ON PETITION FOR WRIT OF HABEAS CORPUS**

Pending before the Court is the petition filed by relator Vincent Friemel, seeking a writ of habeas corpus compelling his immediate release from the Moore County jail.  His petition states he has been held there on a "blue warrant"[1] since February 7, 2008, without a preliminary hearing.  His petition further contends he should be released because, by calculating time served, time credited and "street-time"[2] he has served his full sentence of incarceration in the institutional division of the Texas Department of Criminal Justice for

_____

[1] A "blue warrant" issues for the arrest of a parolee suspected of violating the terms of his or her parole.  *See Franklin v. Kyle,* 899 S.W.2d 405, 406 n.1 (Tex.App.–Waco 1995, no pet.); Tex. Gov't Code Ann. §§ 508.251 & 508.252 (Vernon 2004).

[2] *See* Tex. Gov't Code Ann. § 508.283(c) (Vernon 2004).  This provision is commonly known as the "'street-time credit statute,'" because it specifies the conditions by which an inmate may receive credit for time served while released on parole or mandatory supervision.  *Ex parte Noyola,* 215 S.W.3d 862, 864-65 (Tex.Crim.App. 2007).

felony driving while intoxicated.  We will dismiss his petition for writ of habeas corpus for want of jurisdiction.

Where, as here, an order of restraint arises in a criminal proceeding we are not empowered to act on a petition for writ of habeas corpus.  *Ex parte Layton,* 928 S.W.2d 781, 782 (Tex.App.–Amarillo 1996, orig. proceeding) (*citing* Tex. Gov't Code Ann. § 22.221 (Vernon Supp. 1996)) (jurisdiction of court of appeals to issue writ of habeas corpus is limited to petitioner seeking release from restraint imposed for violation or enforcement of previous order in a civil case).  Rather, the Texas Court of Criminal Appeals has exclusive jurisdiction over post-conviction writs of habeas corpus in felony cases.  *Board of Pardons and Paroles ex. rel. Keene v. Court of Appeals for the Eighth Dist.,* 910 S.W.2d 481, 483 (Tex.Crim.App.1995); *In re Briscoe,* 230 S.W.3d 196, 196 (Tex.App.–Houston [14th Dist.] 2006, orig. proceeding) (stating that courts of appeal have no jurisdiction over post-conviction writs of habeas corpus in felony cases); Tex. Code Crim. Proc. Ann. art 11.07 § 3 (Vernon Supp. 2007).

Accordingly, the petition for writ of habeas corpus is dismissed for want of jurisdiction.


James T. Campbell
Justice

2