IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-76,062




EX PARTE JOHN BENNY JOHNSON Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 525945 IN THE 185TH DISTRICT COURT
FROM HARRIS COUNTY




           Per curiam.

O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of theft of an
automobile and sentenced to twenty years’ imprisonment. He did not appeal his conviction.            Applicant contends that he was not credited with approximately six years and four months
he spent released on mandatory supervision. According to affidavits submitted by the Texas
Department of Criminal Justice–Parole Division and Classification and Records, Applicant was
released on mandatory supervision on December 8, 1999, and his mandatory supervision was
revoked on May 26, 2006, based on a pre-revocation warrant issued on April 11, 2006.


 Shortly after
being revoked but before being returned to prison, he was convicted of aggravated assault and
sentenced to two years’ imprisonment. 
            We remanded this application and directed the trial court to make findings of fact and
conclusions of law as to whether Applicant was a person described by Section 508.149(a) of the
Government Code when his mandatory supervision was revoked on May 26. On remand, based on
the Parole Division’s affidavit, the trial court found that Applicant was not. Accordingly, Applicant
should have been credited with the time he spent released on mandatory supervision, so long as he
reached the mid-point. See Tex. Gov’t Code § 508.283(c); Ex parte Spann, 132 S.W.3d 390 (Tex.
Crim. App. 2004).
            In its affidavit, the Parole Division, while conceding that Applicant was not a person
described by Section 508.149(a) on the date of his revocation and that he had reached the mid-point,
stated that he was not entitled to the time he spent released on mandatory supervision:Technically, however, Johnson was serving a sentence for a mandatory supervision
ineligible offense on the date of his revocation, because his sentence begin date for
aggravated assault predates the date of his revocation. Furthermore, at the time he
was received into TDCJ, Johnson was serving a sentence for an offense described by
Texas Government Code [Section] 508.149(a) with a sentence begin date of April 10,
2006. 
 
            The Parole Division’s position is not consistent with the plain language of Section 508.283
of the Government Code, the controlling statute, or with this Court’s decisions interpreting this
statute. When Applicant’s mandatory supervision was revoked, Section 508.283(b) of the
Government Code read: 
 
If the parole, mandatory supervision, or conditional pardon of a person described by
Section 508.149(a) is revoked, the person may be required to serve the remaining
portion of the sentence on which the person was released. The remaining portion is
computed without credit for the time from the date of the person’s release to the date
of revocation.
 
Section 508.283(c) read:
If the parole, mandatory supervision, or conditional pardon of a person other than a
person described by Section 508.149(a) is revoked, the person may be required to
serve the remaining portion of the sentence on which the person was released. For a
person who on the date of issuance of a warrant or summons initiating the revocation
process is subject to a sentence the remaining portion of which is greater than the
amount of time from the date of the person’s release to the date of issuance of the
warrant or summons, the remaining portion is to be served without credit for the time
from the date of the person’s release to the date of revocation. For a person who on
the date of issuance of the warrant or summons is subject to a sentence the remaining
portion of which is less than the amount of time from the date of the person’s release
to the date of issuance of the warrant or summons, the remaining portion is to be
served without credit for an amount of time equal to the remaining portion of the
sentence on the date of issuance of the warrant or citation.
            When trying to determine the legislative intent or purpose of a statute, we focus on “the
literal text of the statute in question and attempt to discern the fair, objective meaning of that text
at the time of its enactment.” Boykin v. State, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). “[I]f
the meaning of the statutory text, when read using the established canons of construction relating to
such text, should have been plain to the legislators who voted on it, we ordinarily give effect to that
plain meaning.” Id. We should not, however, apply this plain language rule when the “application
of a statute’s plain language would lead to absurd consequences that the Legislature could not
possibly have intended[.]” Id. (emphasis in the original).
            Sections 508.283(b) and 508.283(c) both begin with subordinate clauses in the simple present
tense (“If . . . is revoked”) that focus on a person’s status (“a person described by Section
508.149(a)”). Accordingly, whether a person is entitled to time credits while he is released on parole
or mandatory supervision depends on his status on the date of his revocation.


 This meaning is
consistent with this Court’s holdings in past cases. See Ex parte Noyola, 215 S.W.3d 862, 867 (Tex.
Crim. App. 2007)(“So, the relevant inquiry is whether Noyola was ‘serving a sentence for’ a first-
or second-degree-felony offense of aggravated assault under Section 22.02, Penal Code, when his
parole was revoked”); Ex parte Byrd, 162 S.W.3d 250, 253 (Tex. Crim. App. 2007)(holding that “at
the time of his revocation,” applicant’s prior conviction for aggravated assault on a peace officer was
not an offense described by Section 508.149(a)). 
            Were we to adopt the Parole Division’s position, we would be reading beyond the plain
language of Sections 508.283(b) and 508.283(c) and would be rendering the statute meaningless.
Indeed, according to the Parole Division, it is of no moment whether a person is described by Section
508.149(a) on the date of his revocation. He is not entitled to time credits so long as his sentence
begin date for a Section 508.149(a) offense, based on pre-sentence jail credits, is before the date of
his revocation, or he is serving a sentence for a Section 508.149(a) offense when he is returned to
prison. Neither of these positions is legally tenable. A person begins serving a sentence the day it is
pronounced, Tex. Code Crim. Proc. art. 42.09, § 1; he does not begin serving a sentence before
pronouncement, as the Parole Division argues, just because he receives pre-sentence jail credits.
Sections 508.283(b) and 508.283(c), to repeat, focus on the date of a person’s revocation. That a
person is serving a sentence for a Section 508.149(a) offense when he is returned to prison does not,
by itself, mean that he is not entitled to time credits. 
            We find that Applicant is entitled to relief. The Texas Department of Criminal Justice shall
credit Applicant with the time he spent released on mandatory supervision, from the date of his
release on December 8,1999, to the issuance of the pre-revocation warrant on April 11, 2006, in Case
No. 525945 from the 185th Judicial District Court of Harris County. 
            Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional
Institutions Division and Parole Division.

  
            

Delivered: December 17, 2008
Publish