**Ex parte Frank Garcia HERNANDEZ, Jr., Applicant.**

No. AP–75,933.

Court of Criminal Appeals of Texas.

Jan. 28, 2009.

John Bennett, Amarillo, for Appellant.

Bruce P. Sadler, Assistant District Atty., Amarillo, Jeffrey L. Van Horn, State's Atty., Austin, for State.

KELLER, P.J., delivered the opinion of the Court in which WOMACK, KEASLER, HERVEY, HOLCOMB and COCHRAN, JJ., joined.

We filed and set this habeas application to determine whether a person released on parole or mandatory supervision is entitled to credit for "street time" on his original sentence under Texas Government Code § 508.283(c) if, after release but before revocation, he begins serving a sentence on a new conviction for an offense that is described by Texas Government Code § 508.149(a). We conclude that such a person is not entitled to the § 508.283(c) time credit.

## I. BACKGROUND

In 1983, applicant was convicted of the offense of unauthorized use of a motor vehicle (UUMV) and sentenced to twenty-five years of imprisonment. He was released on parole in February of 1987. On August 26, 2004, applicant committed a robbery. A parole violator warrant for the UUMV offense issued on August 30. On December 28, applicant was convicted of robbery, and on January 25, 2005, his pa-

role for the UUMV conviction was revoked. Taking into account credit for pre-trial incarceration, applicant's "begin date" for the robbery sentence was set at August 27, 2004.

In an application for a writ of habeas corpus, applicant contended that he was denied credit, in violation of § 508.283, for time spent on parole. We remanded the application to the trial court to make findings on why applicant was not receiving such credit. The trial court found that, on the date that applicant's parole was revoked, he was serving a sentence for, or had been previously convicted of, an offense listed in § 508.149(a) and was therefore not entitled to credit for time spent on early release. Consequently, the trial court recommended that relief be denied.

In his brief on submission, applicant continues to argue that he is entitled to credit on his UUMV sentence for time spent on parole. He first contends that the law in effect on the date that he was convicted of UUMV determines whether he is an inmate described by § 508.149(a), and robbery was not listed within that section or its predecessor in 1983. In the alternative, applicant contends that, even if he is currently an inmate described by § 508.149(a) because he is "serving a sentence" for a robbery offense, when the robbery sentence expires, he will no longer be an inmate described by § 508.149(a) and will at that time be entitled to credit for his "street time."

## II. ANALYSIS

Under § 508.283(c), a person is entitled to credit for time served while released to parole or mandatory supervision if he meets two conditions: (1) he is not "a person described by § 508.149(a)," [1] and (2) on the date that the warrant or sum-

---

1. TEX GOV'T CODE § 508.283(b), (c).

mons initiating the revocation process issued, the remaining portion of his sentence was less than the time he spent on parole.[2] It is undisputed that applicant has met the second condition, so the only question is whether he is "a person described by § 508.149(a)."

Though § 508.283 incorporates § 508.149(a) by reference, the most direct function served by § 508.149(a) is to describe persons who are not eligible for mandatory supervision.[3] Before 1987, the only inmates who were categorically excluded from mandatory supervision were those who were sentenced to death.[4] Eligibility for mandatory supervision is determined by the law in effect on the date that the inmate committed the offense.[5] But eligibility under § 508.283(c) for credit for time spent on early release is determined by the law in effect on the date that the releasee's parole or mandatory supervision was revoked—including the version of § 508.149(a) in effect on the date of revocation.[6] So it is entirely possible for a convicted person to be eligible for mandatory supervision but ineligible for the time credit and vice-versa.[7] To determine whether applicant is eligible for the time credit, then, we must look, not to the law of 1983, when applicant committed the UUMV offense, but to the law of 2005,

when applicant's parole on the UUMV offense was revoked.

The relevant portion of § 508.149(a) is the same today as the 2005 version, and it provides: "An inmate may not be released to mandatory supervision if the inmate *is serving a sentence for* or has been previously convicted of ... a second degree felony under Section 29.02, Penal Code."[8] In *Ex parte Keller*, we held that the phrase "previously convicted of" refers to a conviction that occurs before the inmate's "holding conviction,"[9] the "holding conviction" being the one for which the inmate is serving a sentence. In that case, the inmate was released to parole on a burglary-of-a-vehicle conviction, and while on parole, committed the offense of indecency with a child, for which he was convicted.[10] Some time after his parole had been revoked and he had served the entirety of his indecency offense, the inmate was released on mandatory supervision for the burglary offense.[11] He was eligible for the credit for "street time" when his mandatory supervision was revoked because the indecency conviction occurred *after* (not before) the burglary conviction.[12] Significantly, the *Keller* opinion stated, "Only if the indecency conviction were the holding offense (or if the holding offense were one committed after the 1997 indecency conviction) would applicant be a per-

2. *Id.,* § 508.283(c).

3. *See id.,* § 508.149(a).

4. *See Ex parte Forward,* 258 S.W.3d 151, 153 (Tex.Crim.App.2008); Tex.Code Crim. Proc. art. 42.18, § 8(c)(1985).

5. *Ex parte Byrd,* 162 S.W.3d 250, 252 (Tex. Crim.App.2005).

6. *Ex parte Noyola,* 215 S.W.3d 862, 866–67 (Tex.Crim.App.2007).

7. *See Byrd,* 162 S.W.3d at 252 (discussing implications of rule later adopted in *Noyola* ).

8. Tex. Gov't Code § 508.149(a)(11)(emphasis added). We also note that § 508.283 was last amended in 2003, so the 2005 version is identical to the current version of the statute.

9. *Ex parte Keller,* 173 S.W.3d 492, 496 (Tex. Crim.App.2005).

10. *Id.* at 493.

11. *Id.* at 493, 495.

12. *Id.* at 496.

son 'described by § 508.149(a).' "[13] But the indecency conviction could not be the holding conviction because the sentence had already been discharged, so the inmate was not "serving a sentence" for that conviction.

■ In the present case, if the UUMV conviction were viewed as the "holding" conviction, then applicant's subsequent robbery conviction could not qualify as a "previous" conviction under *Keller* because it occurred after the "holding" conviction. But under *Keller*, nothing prevents the robbery conviction from qualifying as a "holding" conviction, because applicant was in fact serving a sentence for the robbery on the date of his UUMV revocation. Nothing in the language of § 508.149(a) requires that some sort of limitation be read into the phrase "serving a sentence," and we see no compelling reason to do so.[14] We conclude that, because applicant was serving a sentence for robbery at the time of his UUMV revocation, he was a person described by § 508.149(a).

■ All that remains is applicant's contention that he may later obtain credit for his street time on the UUMV offense when he completes his robbery sentence. We reject that contention because the time credit statute focuses on the releasee's status at the time of revocation.[15] The releasee is either a person described by § 508.149(a) at the time of revocation or he is not. His status at the time of revocation determines whether he gets the time credit.

We deny relief.

KEASLER, J., filed a concurring opinion.

JOHNSON, J., filed a dissenting opinion in which PRICE, J., joined.

MEYERS, J. dissented.

### CONCURRING OPINION

KEASLER, J., filed a concurring opinion.

I join the Court's opinion, but write separately to note that today's opinion is entirely consistent with our decision in *Ex parte Foster*,[1] which was issued in May 2007.

### DISSENTING OPINION

JOHNSON, J., filed a dissenting opinion in which PRICE, J., joined.

The bone of contention in this case is the meaning of "is serving a sentence for."[1]

---

**13.** *Id.*

**14.** We note that we are obligated to construe a statute in accordance with the plain meaning of its text unless the plain meaning leads to absurd results that the Legislature could not have possibly intended. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex.Crim.App.1991). Though we do not view the plain meaning as producing an absurd result, we note that the legislative history provides no guidance on the question before us. *See* H.B. 1585, House Comm. on Corrections, 77th Leg., R.S. (Mar. 6, 2001) (audio at http://www.house.state.tx.us./committees/audio77/200.htm beginning at 1:17:25).

**15.** TEX. GOV'T CODE § 508.283(b)("If the parole, mandatory supervision, or conditional pardon of a person described by Section 508.149(a) is revoked ...."), (c)("If the parole, mandatory supervision, or conditional pardon of a person other than a person described by Section 508.149(a) is revoked....").

**1.** Nos. WR–36,242–02 & –03, 2007 WL 1347832 (Tex.Crim.App. May 9, 2007) (per curiam) (not designated for publication).

**1.** There is no dispute that the ineligible offense is not a "previous conviction."

The majority holds that the phrase includes the sentence for a new conviction that occurred after release on parole or mandatory supervision and before revocation of that release. Indeed, the offense on which the new conviction is based is frequently the reason for the revocation. I would hold that the phrase refers only to the sentence on which the applicant is seeking street-time credit.

In 2005, we decided *Ex parte Keller*, 173 S.W.3d 492 (Tex.Crim.App.2005). In that case, Keller sought street-time credit on a 1992 burglary conviction. In 1993, while on parole on that sentence, he committed indecency with a child, but he was not convicted of that offense until 1997. His sentence of two years' imprisonment on that charge had already been fully served at the time of sentencing. We held that, when Keller's release on the burglary charge was revoked in 2004, "he was not serving a sentence for" one of the offenses listed in TEX. GOV'T CODE § 508.149(a)-the sentence for the listed offense was fully discharged-and that the offense that was listed, indecency with a child, was not a "previous" one, as it had been committed after the date of the burglary sentencing.[2]

According to our holding in *Boykin v. State*, 818 S.W.2d 782, 785 (Tex.Crim.App. 1991),

When we interpret statutes ..., we seek to effectuate the "collective" intent or purpose of the legislators who enacted the legislation. *Camacho v. State*, 765 S.W.2d 431 (Tex.Cr.App.1989)....

When attempting to discern this collective legislative intent or purpose, we

necessarily focus our attention on the literal text of the statute in question and attempt to discern the fair, objective meaning of that text at the time of its enactment.... There really is no other certain method for determining the collective legislative intent or purpose at some point in the past, even assuming a single intent or purpose was dominant at the time of enactment.... *Ex parte Cordova*, 235 S.W.3d 735, 735 (Tex.Crim. App.2007).

Thus, if the meaning of the statutory text, when read using the established canons of construction relating to such text, should have been plain to the legislators who voted on it, we ordinarily give effect to that plain meaning. *Smith v. State*, 789 S.W.2d 590, 592 (Tex.Cr.App. 1990). "Where the statute is clear and unambiguous, the Legislature must be understood to mean what it has expressed, and it is not for the courts to add or subtract from such a statute." *Coit v. State*, 808 S.W.2d 473, 475 (Tex.Cr.App.1991)(quoting *Ex parte Davis*, 412 S.W.2d 46, 52 (Tex.Cr.App. 1967)).

There is, of course, a legitimate exception to this plain meaning rule: "where application of a statute's plain language would lead to absurd consequences that the Legislature could not *possibly* have intended, we should not apply the language literally." *Faulk v. State*, 608 S.W.2d 625, 630 (Tex.Cr.App.1980). When used in the proper manner, this narrow exception to the plain meaning rule does not intrude on the lawmaking powers of the legislative branch, but

---

2. In a 2007 *per curiam* order, *Ex parte Foster*, WR–36,343–02 & –03, 2007 WL 1347832 (Tex.Crim.App. May 9, 2007)(*per curiam*)(not designated for publication), the Court considered a case very similar to the instant case and reached the same conclusion, but this Court has stated many times that unpublished

cases, such as *Ex parte Foster*, lack precedential value and thus it cannot be relied upon as the basis for today's ruling. *See, e.g. Holmes v. State*, 248 S.W.3d 194 (Tex.Crim. App.2008); *Ex parte Hood*, 211 S.W.3d 767 (Tex.Crim.App.2007).

rather demonstrates respect for that branch, which we assume would not act in an absurd way.

*Id.* We noted in a footnote that "the canons of construction are no more than rules of logic for the interpretation of texts." *Id.* at n. 3.

The statute disallows street-time credit "if the inmate is serving a sentence for or has been previously convicted of" one of the offenses listed in section 508.149. Clearly, the legislature desired to award non-custodial time credit only to parolees who, *when released on mandatory supervision,* have convictions for only non-violent offenses. In this context, "has been previously convicted of" is clear and unambiguous: at some time before the inmate committed the offense for which he is currently incarcerated, he was convicted of one of the listed offenses. On the other hand, "is serving a sentence for" is susceptible to at least two interpretations, and it seems to me to apply only to the sentence on which the inmate is seeking street-time credit. To interpret it otherwise allows, even encourages, the Board of Pardons and Paroles (the Board) to engage in inappropriate gamesmanship—delay revocation of supervision for a unlisted offense that meets the midpoint requirement of § 508.283(c) until there is a new conviction on a listed offense, then deny street-time credit because the inmate "is serving a sentence for" a listed offense.

In *Morrissey v. Brewer,* 408 U.S. 471, 475, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), the Supreme Court held that due process requires that a preliminary hearing be held "as promptly as convenient" after a parolee has been arrested to "determine whether there is probable cause or reasonable ground to believe that the arrested parolee has committed the acts that would constitute a violation of parole conditions."

*Ex parte Cordova,* 235 S.W.3d 735, 735 (Tex.Crim.App.2007).

TEX. GOV'T CODE § 508.281(a) states that [a] releasee ... is entitled to a hearing before a parole panel ... within a period that permits a parole panel ... to dispose of the charges with the periods established by Sections 508.282(a) and (b) if the releasee ... (1) is accused of a violation of the releasee's parole or mandatory supervision ... on information and complaint by a peace officer or parole officer.

TEX. GOV'T CODE § 508.2811, states that [a] parole panel ... shall provide within a reasonable time to an inmate or person described by Section 508.281(a) a preliminary hearing to determine whether probable cause or reasonable grounds exist to believe that the inmate or person has committed an act that would constitute a violation of a condition of release, unless the inmate or person:

(1) waives the preliminary hearing; or

(2) after release:

(A) has been charged only with an administrative violation of a condition of release; or

(B) has been adjudicated guilty of or has pleaded guilty or nolo contendere to an offense committed after release, other than an offense punishable by fine only involving the operation of a motor vehicle, regardless of whether the court has deferred disposition of the case, imposed a sentence in the case, or placed the inmate or person on community supervision.

In this case, applicant was not "a person described by Section 508.149(a)" when he was released on mandatory supervision for unauthorized use of a motor vehicle. He served three years, ten and one-half months, then was released on mandatory

supervision. Seventeen years and six months later, he was arrested for robbery, a listed offense. In August 2004, when appellant was arrested on the revocation warrant that alleged commission of the robbery, he was still not "a person described by Section 508.149," although charged with a listed offense. If the Board had acted on that revocation motion by holding a hearing "as promptly as convenient" or even within 120 days, applicant would still not have been "a person described by Section 508.149(a)" and would have received street-time credit. The Board, however, waited almost 150 days—until the new charge had resulted in a conviction for a listed offense and a new sentence of five years—then revoked applicant and denied him street-time credit on the revoked mandatory supervision on the basis that he was, at the time of revocation, "a person described by Section 508.149(a)," an inmate who "is serving a sentence for" a listed offense.

This strikes me as gamesmanship, and perhaps, a violation of the spirit of § 508.283, in which the calculation of the time remaining on the sentence in which street-time credit is sought is based on the date on which the revocation warrant was issued, not when the alleged violation is found to be true. In this case, the Board's position—that "eligibility for street-time credit should depend strictly upon whether the person is one 'described by Section 508.149(a)' at the time they are revoked,"[3] rather than on the inmate's status on the date on which the revocation warrant issued-also has a financial impact on the state. If applicant had been granted the street-time that I interpret the statute to grant, the 1983 sentence would have been discharged in 2008, and when the sentence for the robbery discharges in August 2009, he would be released. Instead, when the robbery sentence expires, applicant will be confined, at public expense, for an additional 16 years, on an unlisted offense.

I would interpret the statute as directing us to look to only the sentence on which time credit is sought and ask if that sentence is for a listed offense or if the inmate has a conviction for a listed offense that predates the sentence on which street-time credit is sought. If the answer to each inquiry is no, then the inmate is not a person who is "serving as sentence for or has been previously convicted of" a listed offense nor "a person described by Section 508.149(a)," thus § 508.283(c) applies. Because the Court does not interpret the statute in that way, I respectfully dissent.

---

**3.** Ex parte Keller, 173 S.W.3d 492, 497 (Tex. Crim.App.2005).