

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-80,830-01

### EX PARTE SEAN PAUL LLORANCE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 592179-A IN THE 183RD DISTRICT COURT FROM HARRIS COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to unauthorized use of a motor vehicle and was sentenced to seventeen years' imprisonment.

Applicant contends that his time credits are being incorrectly calculated, and that he is being improperly denied credit for more than fourteen years of time when he was out on parole before revocation. Applicant pleaded guilty to this non-aggravated offense and began serving his seventeen-year sentence on March 18, 1991. He was released to parole on April 16, 1993. Although pre-revocation warrants were issued and executed several times over the following years, those

warrants were eventually withdrawn and Applicant continued on parole until 2007.

On November 16, 2007, a pre-revocation warrant was issued based on alleged technical violations of the conditions of parole. The warrant was executed on December 13, 2007, when Applicant was detained in Victoria County for committing new robbery offenses. On January 9, 2008, the Board of Pardons and Paroles voted to send Applicant to an intermediate sanctions facility ("ISF") until his sentence discharged on March 18, 2008. Pursuant to TDCJ policy, the November 16, 2007, pre-revocation warrant was kept in effect while Applicant was in the ISF.

On February 28, 2008, indictments were returned for the Victoria County robbery offenses. However, TDCJ was not aware until March 17, 2008, that there was a detainer from Victoria County against Applicant. Applicant was transferred to Victoria County on March 21, 2008 to face the new charges. He was erroneously released on bond on July 17, 2008, but was arrested on October 10, 2008, after the November 16, 2007, warrant was republished. On February 25, 2009, Applicant received three twenty-five year sentences for the Victoria County robberies.

On March 27, 2009, the Board of Pardons and Paroles revoked Applicant's parole in this case. According to TDCJ, Applicant forfeited thirteen years, five months and five days worth of time on his seventeen-year sentence as a result of the new robbery convictions. Pursuant to this Court's opinion in *Ex parte Hernandez*, 275 S.W.3d 895, 898 (Tex. Crim App. 2009), a person who begins serving a sentence for an offense described by Section 508.149(a) of the Texas Government Code after release but before revocation of parole is not entitled to street time credit on his original sentence.

Applicant's case, however, is distinguishable from *Hernandez*, because Applicant should have discharged his sentence in this case before he was convicted of the new offenses, and before

his parole was revoked. When Applicant was sent to the ISF to finish serving his sentence, the pre-revocation warrant was kept in effect. This Court has held that there is a right to time credit for any time spent in confinement pursuant to the execution of a pre-revocation warrant and that credit cannot be denied a parolee. *Ex parte Price*, 922 S.W.2d 957, 958-959 (Tex. Crim. App. 1996), *citing Ex parte Canada*, 754 S.W. 2d 660, 668 (Tex. Crim App. 1988). Indeed, after Applicant's parole was erroneously revoked, he was granted credit for the time he spent in the ISF. Applicant's sentence in this case should have discharged on March 18, 2008, and was not tolled by the pre-revocation warrant or the detainer from Victoria County.

Applicant is entitled to relief, in that TDCJ's records shall be corrected to reflect that Applicant's conviction and sentence in cause number 592179-A from Harris County is discharged.[1] Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: February 26, 2014
Do not publish

---

[1]Because Applicant is currently serving twenty-five year sentences for the robberies from Victoria County, he will not be released from custody as a result of the discharge of his sentence in this case.