

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,062

### EX PARTE JOHN BENNY JOHNSON Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 525945 IN THE 185TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam.*

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of theft of an automobile and sentenced to twenty years' imprisonment. He did not appeal his conviction.

Applicant contends that he was not credited with approximately six years and four months he spent released on mandatory supervision. According to affidavits submitted by the Texas Department of Criminal Justice–Parole Division and Classification and Records, Applicant was released on mandatory supervision on December 8, 1999, and his mandatory supervision was

revoked on May 26, 2006, based on a pre-revocation warrant issued on April 11, 2006.[1] Shortly after being revoked but before being returned to prison, he was convicted of aggravated assault and sentenced to two years' imprisonment.

We remanded this application and directed the trial court to make findings of fact and conclusions of law as to whether Applicant was a person described by Section 508.149(a) of the Government Code when his mandatory supervision was revoked on May 26. On remand, based on the Parole Division's affidavit, the trial court found that Applicant was not. Accordingly, Applicant should have been credited with the time he spent released on mandatory supervision, so long as he reached the mid-point. *See* TEX. GOV'T CODE § 508.283(c); *Ex parte Spann*, 132 S.W.3d 390 (Tex. Crim. App. 2004).

In its affidavit, the Parole Division, while conceding that Applicant was not a person described by Section 508.149(a) on the date of his revocation and that he had reached the mid-point, stated that he was not entitled to the time he spent released on mandatory supervision:

> Technically, however, Johnson was serving a sentence for a mandatory supervision ineligible offense on the date of his revocation, because his sentence begin date for aggravated assault predates the date of his revocation. Furthermore, at the time he was received into TDCJ, Johnson was serving a sentence for an offense described by Texas Government Code [Section] 508.149(a) with a sentence begin date of April 10, 2006.

The Parole Division's position is not consistent with the plain language of Section 508.283 of the Government Code, the controlling statute, or with this Court's decisions interpreting this

---

[1] The affidavit from Classification and Records also stated that Applicant filed claims with the time credit resolution system on November 30, 2006 and December 20, 2006. His application was file-stamped in Harris County on June 25, 2007. As of that date, he had not received a response from the time credit resolution system. His application is properly before this Court because it was filed 180 days after he had submitted his claim. *See* TEX. GOV'T CODE § 501.0081(b)(2).

statute. When Applicant's mandatory supervision was revoked, Section 508.283(b) of the Government Code read:

> If the parole, mandatory supervision, or conditional pardon of a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. The remaining portion is computed without credit for the time from the date of the person's release to the date of revocation.

Section 508.283(c) read:

> If the parole, mandatory supervision, or conditional pardon of a person other than a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. For a person who on the date of issuance of a warrant or summons initiating the revocation process is subject to a sentence the remaining portion of which is greater than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for the time from the date of the person's release to the date of revocation. For a person who on the date of issuance of the warrant or summons is subject to a sentence the remaining portion of which is less than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for an amount of time equal to the remaining portion of the sentence on the date of issuance of the warrant or citation.

When trying to determine the legislative intent or purpose of a statute, we focus on "the literal text of the statute in question and attempt to discern the fair, objective meaning of that text at the time of its enactment." *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). "[I]f the meaning of the statutory text, when read using the established canons of construction relating to such text, should have been plain to the legislators who voted on it, we ordinarily give effect to that plain meaning." *Id.* We should not, however, apply this plain language rule when the "application of a statute's plain language would lead to absurd consequences that the Legislature could not *possibly* have intended[.]" *Id.* (emphasis in the original).

Sections 508.283(b) and 508.283(c) both begin with subordinate clauses in the simple present

tense ("If . . . is revoked") that focus on a person's status ("a person described by Section 508.149(a)"). Accordingly, whether a person is entitled to time credits while he is released on parole or mandatory supervision depends on his status on the *date* of his revocation.[2] This meaning is consistent with this Court's holdings in past cases. *See Ex parte Noyola*, 215 S.W.3d 862, 867 (Tex. Crim. App. 2007)("So, the relevant inquiry is whether Noyola was 'serving a sentence for' a first- or second-degree-felony offense of aggravated assault under Section 22.02, Penal Code, when his parole was revoked"); *Ex parte Byrd*, 162 S.W.3d 250, 253 (Tex. Crim. App. 2007)(holding that "at the time of his revocation," applicant's prior conviction for aggravated assault on a peace officer was not an offense described by Section 508.149(a)).

Were we to adopt the Parole Division's position, we would be reading beyond the plain language of Sections 508.283(b) and 508.283(c) and would be rendering the statute meaningless. Indeed, according to the Parole Division, it is of no moment whether a person is described by Section 508.149(a) on the date of his revocation. He is not entitled to time credits so long as his sentence begin date for a Section 508.149(a) offense, based on pre-sentence jail credits, is before the date of his revocation, or he is serving a sentence for a Section 508.149(a) offense when he is returned to prison. Neither of these positions is legally tenable. A person begins serving a sentence the day it is pronounced, TEX. CODE CRIM. PROC. art. 42.09, § 1; he does not begin serving a sentence before pronouncement, as the Parole Division argues, just because he receives pre-sentence jail credits.

---

[2] Of course, even if a person is not described by Section 508.149(a) on the date of his revocation, he is not entitled to time he spent released on parole or mandatory supervision if he fails to reach the mid-point. *See* TEX. GOV'T CODE § 508.283(c); *Ex parte Spann*, 132 S.W.3d 390 (Tex. Crim. App. 2004).

Sections 508.283(b) and 508.283(c), to repeat, focus on the date of a person's revocation. That a person is serving a sentence for a Section 508.149(a) offense when he is returned to prison does not, by itself, mean that he is not entitled to time credits.

We find that Applicant is entitled to relief. The Texas Department of Criminal Justice shall credit Applicant with the time he spent released on mandatory supervision, from the date of his release on December 8, 1999, to the issuance of the pre-revocation warrant on April 11, 2006, in Case No. 525945 from the 185th Judicial District Court of Harris County.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Parole Division.

Delivered: December 17, 2008
Publish