Petition for Writ of Mandamus Dismissed
and Memorandum Opinion filed February 8, 2011.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-11-00057-CR

____________

 

CHRISTOPHER J. EMERSON, Relator

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

177th District Court

Harris County, Texas

Trial Court Cause No. 439551

 

 

 



M E M O R
A N D U M   O P I N I O N

            On January 21, 2011, relator Christopher J. Emerson filed a
petition for writ of mandamus in this court.  See Tex. Gov’t Code. §
22.221; see also Tex. R. App. P. 52.  In his petition, Emerson asks this
court to compel respondent, the Honorable Kevin Fine, presiding judge of the
177th District Court of Harris County, to direct the Texas Department of
Criminal Justice and the Texas Board of Pardons and Paroles to restore Emerson’s
previously accrued good time and grant him credit for his time spent on
mandatory supervision.  We lack jurisdiction to grant the requested relief.

            In 1986, a jury convicted Emerson of aggravated sexual
assault and assessed punishment at confinement for thirty-five years in the
Texas Department of Corrections (now the Texas Department of Criminal Justice,
Institutional Division).  See Emerson v. State, 756 S.W.2d 364, 365
(Tex. App.—Houston [14th Dist.] 1988, pet. ref’d).  

            Emerson asserts that he was released to mandatory supervision
on June 23, 2000, after serving fourteen and one-half years in prison.  His
mandatory supervision was revoked in May of 2009.  Emerson filed a motion for a
nunc pro tunc judgment in the 177th District Court in Harris County. 
The trial court has not granted Emerson relief, and he now seeks relief by petition
for writ of mandamus in this court. 

Emerson’s remedy is by application for writ of habeas
corpus.  Claims for errors in credit for time served are raised by application
for writ of habeas corpus pursuant to Article 11.07 of the Texas Code of
Criminal Procedure.  See Ex parte Johnson, 273 S.W.3d 340, 341 (Tex.
Crim. App. 2008) (granting relief on claim for credit for time served on
mandatory supervision).  In addition, an inmate is required to exhaust the
remedies provided in the administrative dispute resolution system before filing
his habeas application.  See Tex. Gov’t Code § 501.0081 (requiring
inmate alleging that time credited on his sentence is in error to first present
this claim to the Texas Department of Criminal Justice office of time credit
resolution). 

In contrast, claims for credit for pre-sentence time
served may be raised in a motion for judgment nunc pro tunc.  If the
trial court denies the motion or fails to respond, relief may be sought by
filing a petition for writ of mandamus in a court of appeals.  Ex parte
Florence, 319 S.W.3d 695, 696 (Tex. Crim. App. 2010); see also In re
Daisy, 156 S.W.3d 922, 924-25 (Tex. App.—Dallas 2005, orig. proceeding)
(granting relief and ordering trial court to enter nunc pro tunc order
giving relator credit for time spent in jail “from the time of his arrest and
confinement until his sentence by the trial court”).  

Only the Court of Criminal Appeals has jurisdiction in final
post-conviction habeas corpus proceedings.  See Ater v. Eighth Court of
Appeals, 802 S.W.2d 241, 243 (Tex. 1991); see also Tex. Code Crim.
Proc. art. 11.07; Board of Pardons & Paroles ex rel. Keene v. Court of
Appeals for Eighth Dist., 910 S.W.2d 481, 483 (Tex. Crim. App. 1995)
(holding that article 11.07 provides the exclusive means to challenge a final
felony conviction).  

Accordingly, Emerson’s petition for writ of mandamus is
ordered dismissed.

 

                                                                        PER
CURIAM

 

Panel
consists of Chief Justice Hedges and Justices Frost and Christopher.

Do Not
Publish — Tex. R. App. P. 47.2(b).