In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

————————————

**NO. 09-22-00244-CR**

————————————

**IN RE HOLLIS JOSEPH JACKSON**

**Original Proceeding**
**Criminal District Court of Jefferson County, Texas**
**Trial Cause No. 01-84253**

**MEMORANDUM OPINION**

Hollis Joseph Jackson filed a mandamus petition through which he complains that the trial court failed to rule on his request for a judgment nunc pro tunc awarding credit on his sentence for "street time" spent on mandatory supervision.[1] To compel a trial court to rule on a motion, the relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed

---

[1] Jackson filed a procedurally defective petition. *See* Tex. R. App. P. 52.3. Additionally, he failed to certify that he served a copy of the petition on the State as the real party in interest. *See* Tex. R. App. P. 9.5. We use Rule 2, however, to look beyond these deficiencies to reach an expeditious result. *See* Tex. R. App. P. 2.

1

or refused to rule on the motion within a reasonable time. *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding). Unlike claims for credit for pre-sentence jail confinement, errors in credit for time served on mandatory supervision are not corrected by judgment nunc pro tunc. *Compare Ex parte Florence*, 319 S.W.3d 695, 695 (Tex. Crim. App. 2010) ("Pre-sentence time credit claims typically must be raised by a motion for judgment nunc pro tunc filed with the clerk of the convicting trial court."), *with Ex parte Johnson*, 273 S.W.3d 340, 341 (Tex. Crim. App. 2008) (granting habeas relief on claim for credit for time served on mandatory supervision). Jackson has not shown that the trial court had a legal duty to rule on the motion. We deny the petition for a writ of mandamus.

PETITION DENIED.

PER CURIAM

Submitted on August 16, 2022
Opinion Delivered August 17, 2022
Do Not Publish

Before Golemon, C.J., Kreger and Horton, JJ.

2